LOTTINGER, Judge.
In this suit the petitioner claims total and permanent disability under the Louisiana Workmen’s Compensation Act, LSA-R.S. 23:1201 et seq., because of a hernia which he allegedly sustained in an accident arising while working for P. B. Flowers. The petitioner sued The Fidelity and Casualty Company of New York, the compensation insurer of his employer, as well as his employer. The Lower Court dismissed the suit of petitioner, and on appeal to this Court, the judgment of the Lower •Court was affirmed, our judgment having been rendered on June 29, 1956, as reported by our opinion rendered in La.App., 89 So.2d 445. Subsequent to our opinion, on November 5th, 1956 the Supreme Court refused writs of certiorari and review. The petitioner has now filed a petition seeking to have the matter re-opened under the provisions of LSA-R.S. 23 :1331, and, in the alternative, to have the original judgment annulled and set aside on the grounds that same was based upon error.
To the petition, the defendant filed exceptions of res judicata as well as of no right or cause of action. A hearing was held on the said exceptions and same was sustained and petitioner’s suit dismissed. The petitioner has taken an appeal. The petition now filed by the petitioner alleges that the original judgment rendered herein is erroneous in that additional facts are now present which will conclusively show that the petitioner did suffer a hernia as a result of the accident, which accident occurred while he was working for the defendant. In the original suit, certain medical testimony was submitted by petitioner to show that he was suffering from a hernia which was a result of the accident. Other medical testimony, submitted by defendant, was to the effect that the petitioner did not suffer a hernia. The petitioner now claims that on January 17, 1957, which was more than a year after trial on the merits, he underwent surgery at Lafayette Charity Hospital for a hernia, which hernia was a result of the accident.
*280 The petitioner now claims that he is entitled to have the matter reviewed under the provisions of the Louisiana Compensation Act, particularly LSA-R.S. 23:1331; or, alternatively, that he is entitled to have the original judgment annulled under the provisions of Article 607 of the Louisiana Code of Practice; or, alternatively, that he is entitled to relief in equity under the provisions of Article 21 of the LSA-Civil Code.
The Louisiana Compensation Act, LSA-R.S. 23:1331, provides as follows:
“At any time six months after the rendition of a judgment of compensation, a judge of the trial court that rendered the judgment shall review the same upon the application of either party for a modification thereof, on the grounds that the incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud, or misrepresentation. In such cases the provisions of R.S. 23:1121 through R.S. 23:1124 with reference to medical examinations shall apply.”
Petitioner claims that the judgment rendered in this case can be reviewed and modified under this section of the Compensation Act on the grounds that same was obtained through “error.” There are no allegations of fraud or ill practices, and petitioner does not claim that his incapacity has been subsequently increased. The alleged error consists of the alleged incorrect diagnosis made by a number of doctors who testified that petitioner did not have a hernia at the time of the trial.
 In our opinion LSA-R.S. 23:1331 does not provide for the relief claimed by petitioner. There was no “judgment of compensation” awarded in this matter. Our interpretation of the phrase “judgment of compensation” would be a judgment in which an award of benefits was made. Actually the judgment rendered in this matter was not a judgment of compensation. Furthermore, the Act provides for a modification of a judgment of compensation under certain circumstances. Black’s Law dictionary defines “modification” as follows:
“A change; an alteration which introduces new elements into the details, or cancels some of them, but leaves the general purpose and effect of the subject matter intact.”
To grant the relief sought by petitioner would entail a reversal of the prior judgment, and not merely a modification as provided in the Compensation Act.
Furthermore, the courts of this state have repeatedly interpretated the quoted statute to apply only during the period in which compensation payments are being made. In Lacy v. Employers Mutual Liability Ins. Co., 233 La. 712, 93 So.2d 162, 165, the Supreme Court said:
“From our interpretation of R.S. 23:1331, which we believe to be fortified by the above cited adjudications, the following conclusions seem inescapable (1) that the award of compensation in the first instance is a final judgment fixing the extent and duration of disability for the period stated therein subject, however, to modification, after six months have elapsed and compensation is still due, upon allegations by either plaintiff or defendant that the disability has increased or decreased; (2) that the award in the first instance is final for a period of six months thereafter and may not be reopened before the expiration of that time and (3) that, in cases where the judgment of the trial court fixes with definiteness the duration of the employee’s incapacity to work to be a period of less than six months from the date of its rendition, such a judgment is not within the purview of R. S. 23:1331 and may not be modified under allegations that the incapacity *281 resulting from the accident has since increased or diminished.”
Thus, for the provisions of LSA-R.S. 23:1331 to apply, a judgment or award of compensation must have been rendered for a period exceeding six months, and the said judgment must not have been extinguished by payment. In the instant case, there was no “judgment of compensation” for a period exceeding six months, and the judgment was not still unsatisfied at the time of the filing of the petition for review. Under the circumstances we do not believe that the provisions of LSA-R.S. 23:1331 provide the relief sought by petitioner, and the Lower Court was correct in so holding.
Petitioner’s alternative demand that the judgment rendered herein be nullified is based upon the provisions of Article 607 of the Louisiana Code of Practice, which provides:
“A definitive judgment may be annulled in all cases where it appears that it has been obtained through fraud, or other ill practices on the part of the party in whose favor it was rendered; as if he had obtained the same by bribing the judge or the witnesses, or by producing forged documents, or by denying having received the payment of a sum, the receipt of which the defendant had lost or could not find at the time, but has found since the rendering of the judgment.”
No fraud or other ill practices has been alleged in the petition filed herein. The substance of the petition is that the original judgment should be annulled because same was based upon the erroneous testimony of medical experts, and that new factors have since come to light which will show that petitioner did have a hernia at the time of the original trial. If we were to annul judgments each time a party applied for same upon the basis of newly discovered evidence there would never be an end to litigation.
The final alternative upon which petitioner seeks nullity is Article 21 of the LSA — Civil Code which provides as follows :
“In all civil matters, where there is no express law, the judge is bound to proceed and decide according to equity. To decide equitable, an appeal is to be made to natural law and reason, or received usages, where positive law is silent.”
We do not feel that Article 21 supplies the relief requested. Petitioner has had his day in court, and there is express law on the subject which has heretofore been discussed.
It is the opinion of this Court that petitioner herein is not entitled to a review or an annulment of the original judgment under the express provisions of the laws cited. While there may be some justification to the claims made by petitioner, if they can be substantiated, the question is one to be submitted to the legislature and not the courts. It is the duty of the courts to interpret the mandates of the legislature and we are without authority to change or amend these mandates. Clearly, under the law, the Lower Court was correct in sustaining the exceptions filed by defendants, and the judgment of the Lower Court will be affirmed. All costs are to be paid by petitioner.
Judgment affirmed.