655 So.2d 549 (1995)
Lana S. MARTIN,
v.
TEXACO, INC.
No. CA 94 2412.
Court of Appeal of Louisiana, First Circuit.
May 5, 1995.
Rehearing Denied June 21, 1995.
*550 Cameron B. Simmons, Jeanerette, for appellant Lana S. Martin.
Wayne G. Zeringue, Jr., New Orleans, for appellee Texaco, Inc.
Before FOIL, WHIPPLE and KUHN, JJ.
FOIL, Judge.
This appeal challenges the action of a worker's compensation hearing officer in dismissing a worker's motion for a modification of a judgment denying her compensation benefits pursuant to an exception of no cause of action. We affirm.

DISCUSSION
Plaintiff, Lana Martin, injured her right knee on April 10, 1989, while attempting to cross a guardrail in her employer's parking lot. She received worker's compensation benefits from her employer, Texaco, Inc., until April 17, 1991, when those benefits were terminated. She filed a claim in the Office of Worker's Compensation seeking reinstatement of benefits, alleging that she was totally disabled or alternatively, that she was entitled to supplemental earnings benefits.
The matter was heard before Hearing Officer Sheral Kellar on September 2, 1992. On May 20, 1993, the hearing officer denied plaintiff's claim for benefits upon finding that plaintiff was not disabled beyond the April 17, 1991, termination date. Plaintiff appealed the decision to the Third Circuit Court of Appeal. On December 9, 1993, while the appeal was pending, plaintiff filed another claim in the Office of Worker's Compensation, in which she alleged that her work injury caused her to sustain another injury. Specifically, plaintiff alleged that on May 6, 1993, while recovering from the work injury to her right knee, the weakened right knee "gave out" on her, causing her to fall. Plaintiff asserted that she injured her left knee in the fall, and that she was entitled to receive compensation benefits for the injury to her left knee. Texaco filed an exception of lack of subject matter jurisdiction in the Office of Worker's Compensation, citing the pending appeal of plaintiff's claim for worker's compensation benefits.
On March 30, 1994, the Third Circuit Court of Appeal affirmed the hearing officer's ruling that plaintiff was not disabled. Thereafter, on July 19, 1994, plaintiff filed a motion for a modification of Hearing Officer Kellar's May 20, 1993 judgment denying her compensation benefits based upon an alleged change of circumstances. In connection with the motion, plaintiff filed an amended 1008 claim form in which she alleged that the injury to her right knee had worsened since the hearing officer's judgment.
In opposition to the motion, Texaco filed an exception of no cause of action, claiming that Louisiana law does not afford a worker's compensation claimant the right to seek a modification of a judgment denying compensation benefits. Glynn Voisin, the hearing officer assigned to the case, agreed and dismissed plaintiff's motion for a modification of the judgment. This appeal followed.

CAUSE OF ACTION FOR MODIFICATION OF BENEFITS
The peremptory exception of no cause of action tests the legal sufficiency of the petition. In assessing the validity of the exception, all well-pleaded allegations of fact are accepted as true. If the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Kyle v. Civil Service Commission, 588 So.2d 1154, 1158-1159 (La.App. 1st Cir.1991), writ denied, 595 So.2d 654 (La.1992).
For purposes of the exception, it must be accepted that plaintiff's right knee condition has worsened since the judgment of the hearing officer. Indeed, Texaco stipulated *551 for the purpose of the exception of no cause of action that there had been a change in plaintiff's condition. However, Texaco urges that Louisiana law allows a modification of a compensation judgment only to the extent that an award of benefits is actually made. Because there was no award of compensation in this case, Texaco contends, there is nothing to modify, and the hearing officer does not have authority to reopen the judgment. Texaco posits that plaintiff is really seeking a reversal of the hearing officer's judgment denying benefits; however, plaintiff has already appealed that judgment and lost.
Plaintiff argues that La.R.S. 23:1310.8 B gives the hearing officer authority to modify the judgment denying her compensation benefits. That provision states:
Upon the application of any party in interest, on the ground of a change in conditions, the hearing officer may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Worker's Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.
La.R.S. 23:1310.8 B was enacted in 1988, and became effective on January 1, 1990. Simultaneously with the enactment of La.R.S. 23:1310.8 B, La.R.S. 23:1331 C, which vested jurisdiction in district courts over modification issues, was repealed. See State Farm Fire and Casualty Ins. Co. v. Young, 619 So.2d 161, 163 (La.App. 3d Cir.1993).
Prior to its repeal in 1990, La.R.S. 23:1331 C provided authority for a worker's compensation claimant to obtain a modification of a "judgment of compensation" in the district court. In support of her claim that the hearing officer is authorized to modify the judgment denying her compensation benefits under La.R.S. 23:1310.8 B, plaintiff relies on a case, Green v. Continental Insurance Company, 539 So.2d 1287 (La.App. 3d Cir.1989), which construed La.R.S. 23:1331 C to authorize a modification even where a worker was denied compensation benefits entirely. Plaintiff argues that since the term "judgment of compensation" in La.R.S. 23:1331 C has been construed to also include judgments denying compensation benefits, this court should construe the term "award" of compensation utilized in La.R.S. 23:1310.8 B to also encompass judgments denying compensation benefits.
We disagree. This court has previously construed the term "judgment of compensation" differently from the Green case cited by plaintiff. In Gaspard v. Fidelity and Casualty Company of New York, 109 So.2d 278, 280 (La.App. 1st Cir.1959), this court squarely stated that the term "judgment of compensation" in La.R.S. 23:1331 C encompassed only a judgment in which an award of benefits was made. This court reasoned that a claimant seeking modification of a judgment denying compensation benefits would in reality be asking for a reversal of that prior judgment, and not merely a modification authorized by La.R.S. 23:1331 C.
We believe that under the clear language of La.R.S. 23:1310.8 B, the legislature intended to provide authorization for modification of compensation judgments only where an award of compensation had been made. Unlike La.R.S. 23:1331 C, there is no reference in La.R.S. 23:1310.8 B to a "judgment" of compensation. La.R.S. 23:1310.8 B refers only to modifications in the context of an "award" of compensation. Since there has been no judgment awarding plaintiff compensation in this case, La.R.S. 23:1310.8 B does not provide her with authority to seek a modification of the judgment denying her compensation benefits. As in Gaspard, plaintiff is actually asking for a reversal of the judgment which denied her compensation benefits, rather than a modification. We note that plaintiff accessed the proper avenue to seek reversal of that judgment by appealing the hearing officer's decision to the court of appeal. That judgment, denying her compensation benefits, is now final and definitive.

CONCLUSION
Based on the foregoing, we hold that La. R.S. 23:1310.8 B does not afford a worker the right to obtain a modification of a judgment denying compensation benefits. Therefore, *552 the hearing officer correctly granted Texaco's exception of no cause of action, thereby dismissing plaintiff's claim. All costs of this appeal are assessed to appellant, Lana Martin.
AFFIRMED.
WHIPPLE, J., concurs, with reasons assigned.
WHIPPLE, Judge, concurring.
I agree with the majority opinion insofar as it holds that LSA-R.S. 23:1310.8(B) is intended to provide authorization for modification of compensation judgments only where an award of compensation had been made, and since there has been no judgment awarding plaintiff compensation in this case, LSA-R.S. 23:1310.8(B) does not provide plaintiff with authority to seek a modification of the May 20, 1993 judgment denying her compensation benefits for an alleged disability due to an injury to her right knee.
The LDOL 1008 claim filed on December 9, 1993 sets forth that "Claimant's injured right knee gave out while standing causing claimant to fall injuring left knee." (Emphasis added.) This claim form could be construed as asserting a new injury or perhaps a developmental injury not addressed in (and therefore, not precluded by) the previous claim and related appeal. However, in this case, the claimant also filed, on July 19, 1994, a "Motion to Modify Judgment" and Amended LDOL 1008 and Memorandum, wherein she specifically asserts that she is "seeking modification of [the] judgment."
Thus, since plaintiff's claim is asserted herein as a petition to modify the prior (and final) judgment of May 20, 1993, as opposed to asserting a new claim or other claim for benefits due based on a developing injury, the result reached by the majority herein is correct.
I write separately to express my opinion that this holding does not operate to prohibit the claimant from asserting a claim for a new or developing injury causing disability.