668 So.2d 1144 (1996)
Hilliard J. MATTHEWS
v.
FARLEY INDUSTRIES.
Lana S. MARTIN
v.
TEXACO, INC.
Nos. 95-C-1387, 95-C-1796.
Supreme Court of Louisiana.
February 28, 1996.
Samuel Robert Aucoin, Lafayette, for Applicant in No. 95-C-1387.
Cameron B. Simmons, Jeanerette, for Respondent in No. 95-C-1387.
Cameron B. Simmons, Jeanerette, for Applicant in No. 95-C-1796.
Wayne G. Zeringue, Jr., New Orleans, for Respondent.
*1145 WATSON, Justice.
In these consolidated cases, the First and Third Circuits rendered conflicting opinions on the question of whether a worker's compensation claimant can seek modification of an adverse judgment denying further benefits.

FACTS

Hilliard J. Matthews
Hilliard J. Matthews, an employee of Martin Mills, Incorporated, developed a painful condition in his right wrist. Matthews was diagnosed as having de Quervain's disease and underwent surgery. Benefits were paid from May 2, 1990, until June 21, 1991 (with a four-month interruption). After benefits were terminated, Matthews' attorney filed a claim for compensation. Judgment was rendered against Matthews denying, with prejudice, any further benefits. The court of appeal affirmed that judgment. Matthews filed for modification of the adverse judgment based on a change in circumstances. The hearing officer concluded that res judicata barred Matthews' claim. The court of appeal reversed and remanded. Matthews v. Farley Industries, 95-49 (La.App. 3 Cir.5/3/95), 657 So.2d 191. A writ was granted to consider whether Matthews has a viable claim for modification of the adverse judgment under R.S. 23:1310.8(B). Matthews v. Farley Industries, 95-1387 (La.10/6/95), 661 So.2d 454.

Lana Martin
Lana Martin injured her right knee on April 10, 1989, and received worker's compensation benefits from her employer, Texaco, Inc., until April 17, 1991. After her benefits were terminated, Martin filed a compensation claim. The hearing officer determined that plaintiff was not disabled after April 17, 1991, and dismissed her suit with prejudice. The court of appeal affirmed. While the appeal was pending, plaintiff alleged that the weakened right knee caused her to fall and injure her left knee. Plaintiff filed a motion for modification of the judgment based upon a change of circumstances. The hearing officer dismissed the motion. The court of appeal affirmed the dismissal and granted Texaco's exception of no cause of action, holding that only a compensation award can be modified under R.S. 23:1310.8(B). Martin v. Texaco, 94-2412 (La.App. 1 Cir.5/5/95), 655 So.2d 549. A writ was granted to consider the conflict with the Third Circuit. Martin v. Texaco, 95-1796 (La.10/6/95), 661 So.2d 455.

LAW
Prior to 1990, modification of worker's compensation judgments was governed by R.S. 23:1331(C) which provided:
C. At any time after six months after rendition of a judgment of compensation by the district court or at any time after six months from the date of the acceptance by the parties of the recommendation of the director under R.S. 23:1310.1, the director shall review the same upon the application of either party for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1.
Disotell v. Wadsworth Golf Const. Co., 500 So.2d 371 (La.1987), interpreted R.S. 23:1331(C). Disotell held that acceptance of the director's recommendation did not preclude a claimant from seeking modification.
R.S. 23:1310.8 now provides:
A. (1) The power and jurisdiction of the hearing officer over each case shall be continuing and he may, upon application by a party and after a contradictory hearing, make such modifications or changes with respect to former findings or orders relating thereto if, in his opinion, it may be justified, including the right to require physical examinations as provided for in R.S. 23:1123, provided, that upon petition filed by the employer or insurance carrier, and the injured employee, or other person entitled to compensation under the Worker's Compensation Act, a hearing officer shall have jurisdiction to consider the proposition of whether or not a final settlement may be had between the parties presenting such petition, subject to the provisions of law relating to settlements in worker's compensation cases.
(2) The hearing officer may have a full hearing on the petition, and take testimony *1146 of physicians and others relating to the permanency or probable permanency of the injury, and take such other testimony relevant to the subject matter of such petition as the hearing officer may require. The hearing officer may consider such petition and dismiss the same without a hearing if in his judgment the same shall not be set for a hearing.
(3) The expenses of such hearing or investigation, including necessary medical examinations, shall be paid by the employer or insurance carrier, and such expenses may be included in the final award. If the hearing officer decides it is in the best interest of both parties to said petition that a final award be made, a decision shall be rendered accordingly and the hearing officer may make an award that shall be final as to the rights of all parties to said petition and thereafter the hearing officer shall have no jurisdiction over any claim for the injury or any results arising from same. If the hearing officer should decide the case should not be finally settled at the time of the hearing, the petition shall be dismissed without prejudice to either party, and the hearing officer shall have the same jurisdiction over the matter as if said petition had not been filed.
B. Upon the application of any party in interest, on the ground of a change in conditions, the hearing officer may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Worker's Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.
C. This Section shall not apply to the calculation of the monthly benefit amount pursuant to R.S. 23:1221(3).

CONCLUSION
The former statute allowed modification of a compensation judgment or the director's recommendation. The current statute uses the word "award." Under Section B, the hearing officer may review any award and end, diminish or increase the compensation previously awarded. The language clearly requires a prior award of compensation.
Neither Lana Martin nor Hilliard Matthews received an award of compensation. Both claimants' suits were dismissed with prejudice by their respective hearing officers. Both adverse judgments were affirmed. The judgments became final adjudications. Since no awards were made, the hearing officers lacked jurisdiction to end, diminish or increase the compensation previously awarded.
For the foregoing reasons, the judgment in Matthews v. Farley Industries, 95-49 (La. App. 3 Cir.5/3/95), 657 So.2d 191, is reversed. Hilliard J. Matthews' claim for modification of the adverse trial court judgment is dismissed with prejudice.
REVERSED AND RENDERED.
For the foregoing reasons, the judgment in Martin v. Texaco, 94-2412 (La.App. 1 Cir.5/5/95), 655 So.2d 549, is affirmed.
AFFIRMED.
CALOGERO, C.J., as dissenting for LEMMON's reasons.
LEMMON, J., dissents and assigns reasons.
JOHNSON, J., dissents for reasons assigned by LEMMON, J.
LEMMON, Justice, dissenting.
Irrespective of La.Rev.Stat. 23:1310.8, an employee who was injured by accident in the course of employment and arising out of employment has a cause of action for compensation benefits if the employee proves partial or permanent disability as a result of the accident. La.Rev.Stat. 23:1221. The issue in these two cases is whether that cause of action is precluded by a judgment denying benefits in an earlier proceeding.[1]
The issue is presented more clearly by the facts of the Matthews case. In regard to Matthews' May 1990 injury on the job, the *1147 employee would have been eligible for compensation benefits in the first proceeding but for his failure to prove he was disabled in June 1991, and his claim was denied on that basis. The present proceeding, filed in June 1994, asserts that he has now become disabled from the original injury, and the issue is squarely presented whether the earlier judgment precludes Matthews' claim for his present disability.
The issue of the employee's present disability was not decided in the first proceeding, and the judgment finding him not to be disabled in June 1991 is not res judicata as to the issue of his present disability.[2] Moreover, the employee could not have presented a claim in the first proceeding for the disability that has allegedly developed since that proceeding, and the earlier judgment only bars "causes of action existing at the time of final judgment arising out of the ... occurrence that is the subject matter of the litigation...."[3] La.Rev.Stat. 13:4231(2).
Matthews perhaps will be unable to prove at the trial in this proceeding that his present disability was caused by the original accident. Or his claim may be dismissed as time-barred. But he should not be precluded from asserting his present claim on exceptions of either res judicata or no cause of action. The judgment of the court of appeal in the Matthews case, overruling the exception of res judicata, should be affirmed.
NOTES
[1] The lower courts in the Martin case approached the issue in terms of an exception of no cause of action for modification of benefits after an earlier judgment denying benefits.
[2] Denial of benefits in the first proceeding on the basis that plaintiff failed to prove an on-the-job accident obviously would be a res judicata bar in the second proceeding.
[3] La.Rev.Stat. 13:4232 A(1), which provides that a judgment does not bar another action when exceptional circumstances justify relief from the res judicata effect of the judgment, may also be applicable here. The development of a non-disabling injury into a disabling injury may constitute the exceptional circumstances contemplated by the statute.

My position may be subject to criticism as encouraging second suits on the same injury, but any abuse can be controlled by imposition of sanctions.