JaDALEY, Judge.
This appeal by the claimant in this workers’ compensation case raises the issue of whether his second claim was properly dismissed on an Exception of Res Judicata. We affirm.
Plaintiff was injured in the course and scope of his employment with defendant, *1074 Home Depot, on September 30, 1992. A can of acid fell on plaintiff, causing chemical burns to his legs and back. He filed a disputed claim for compensation on April 5, 1994, alleging that further medical expenses had been refused by Home Depot. The matter was tried on April 24,1996. The hearing officer’s ruling, rendered May 21, 1996, awarded specific future medical expenses, and denied any further indemnity benefits. This judgment was not appealed.
On July 8, 1996, plaintiff filed a second disputed claim for compensation, requesting unpaid medical expenses and SEBs. Defendant filed an Exception of Res Judicata. After argument on September 27, 1996, the hearing officer granted the ^Exception on October 16, 1996, dismissing plaintiff’s claim with prejudice.' Plaintiff now appeals.
On appeal, plaintiff argues that the issue of SEBs was not litigated in the first trial, because the plaintiff was still employed on light duty at Home Depot at the time the first Disputed Claim form (LDOL-1008) was filed (April 5, 1994), thus making the issue of SEBs premature at the first hearing (April 24, 1996). Defendant argues that the application of LSA-R.S. 13:4231, et seq, precludes McKee’s second claim for compensation. They also argue that the court cannot entertain a Motion for Modification of Award under LSA-R.S. 23:1310.8 because the first Judgment specifically awarded no indemnity benefits and, therefore, the Judgment cannot be modified to award SEBs, citing Matthews v. Farley Industries, 95-1387 (La.2/28/96), 668 So.2d 1144.
The record is not entirely clear as to whether the issue of indemnity benefits were tried in the first proceeding. The hearing officer’s Reasons for Judgment first state that the “claimant seeks further surgery and indemnity benefits.” (R@37).
However, later in the reasons, the hearing officer states:
“Claimant failed to ask this court for indemnification benefits, and therefore will receive none.” (R@42).
The claimant’s pre-trial statement lists as an issue to be litigated at the hearing:
“A. Whether the claimant is entitled to temporary total disability payments and permanent partial disability payments benefits.” (R@72).
The claimant’s post-trial brief lists as an issue presented at trial:
“HI. Whether Mr. McKee is entitled to worker’s compensation disability benefits for period of time he was advised by his physician, Dr. Onyx Garner, to discontinue work.” (R@77).
Home Depot’s post-trial brief notes the following stipulations at trial:
U“It was further stipulated that The Home Depot paid temporary total disability benefits totaling $6,959.49, and supplemental earnings benefits totaling $1,196.58, to McKee, from the date of the accident in question until October 18,1994.”
Home Depot’s post-trial brief notes that the parties dispute just exactly what issues were tried, the defendant being of the impression that indemnity benefits were not put at issue despite the plaintiffs inclusion of this issue in his pre- and post-trial briefs. However, Home Depot argues that if the hearing officer believes this issue was litigated, then the claimant did not prove entitlement to further benefits.
At the hearing on the Exception of Res Judicata, counsel for Mr. McKee argued that a claim for supplemental earnings benefits was premature at the first trial, since at the time the first LDOL-1008 was filed (April 5, 1994), plaintiff was still employed in a light duty capacity at Home Depot. However, elsewhere in the record, we learn that by the time the original matter came for trial on April 24,1996, plaintiff had long since discontinued working, on the advice of his doctor Onyx Garner, by at least August 1994. Therefore, the issue of plaintiff’s entitlement to SEBs or other indemnity benefits was ripe at the time of the April 24, 1996 hearing. Claimant does not allege new evidence or a change in his conditions since the first hearing or judgment. Plaintiff’s condition and his cessation of work and, therefore, his possible claim for additional SEBs, was well known to his counsel well before the first hearing.
*1075 In Matthews v. Farley Industries, 95-1387 (La.2/28/96), 668 So.2d 1144, the Supreme Court considered the question of whether a worker’s compensation claimant can seek modification of an adverse judgment denying further benefits. Claimant Matthews filed a disputed claim for compensation after his employer ceased paying his benefits. The hearing officer rendered judgment in favor of the defendant, | .^dismissing Matthews’ claim with prejudice. The ruling was affirmed on appeal. Thereafter, Matthews filed a new claim requesting modification of the prior judgment due to an alleged deterioration in his condition since the previous trial. The defendant filed an Exception of Res Judicata, which was granted. The Court of Appeal reversed, finding that LSA-R.S. 23:1310.8 contemplates modification of a prior award based upon a change in conditions after judgment is rendered, even if the prior judgment denied an award of benefits. The Court of Appeal reasoned that because the cause of action does not arise until the change in conditions occurs, it naturally followed that the cause of action did not exist at the time the judgment was rendered. The court also found no meaningful distinction between the use of the phrases “judgment of compensation” or “recommendation of the director” in LSA-R.S. 23:1331(0[1] and the use of “award” in LSA-R.S. 23:1310.8.
The Supreme Court flatly rejected this reasoning, stating succinctly:
The former statute allowed modification of a compensation judgment or the director’s recommendation. The current statute uses the word “award.” Under Section B, the hearing officer may review any award and end, diminish or increase the compensation previously awarded. The language clearly requires a prior award of compensation.
Neither Lana Martin nor Hilliard Matthews received an award of compensation. Both claimants’ suits were dismissed with prejudice by their respective hearing officers. Both adverse judgments were affirmed. The judgments became final adjudications. Since no awards were made, the hearing officers lacked jurisdiction to end, diminish or increase the compensation previously awarded.[2]
In this case, we note that plaintiff has not alleged a change in circumstances or a new disability that arose between the first judgment and the second claim. McKee’s |stwo disputed claim forms reference the same accident. Though he claims that the issue of SEBs was premature at the April, 1996, hearing, his previous SEBs had been terminated in 1994, he had not worked since 1994 after he quit on his doctor’s advice, and his pre-trial and post-trial briefs clearly list indemnity benefits as an issue to be decided. Plaintiff’s second disputed claim for compensation is clearly res judicata.
Accordingly, the hearing officer’s ruling is affirmed.
AFFIRMED.

. LSA-R.S. 23:1331(C) was repealed and replaced in 1990 by LSA-R.S. 23:1310.8.

. Three justices dissented, being of the opinion that irrespective of LSA-R.S. 23:1310.8, the res judicata statutes, LSA-R.S. 13:4231 et seq, did not preclude a modification of a judgment denying benefits upon a showing that the claimant's condition had changed, because the previous proceeding could not have decided the issue of the claimant’s present disability.