706 So.2d 547 (1998)
Carmen BROWN
v.
The ROUSE COMPANY.
No. 97-CA-1243.
Court of Appeal of Louisiana, Fourth Circuit.
January 14, 1998.
Rehearing Denied January 30, 1998.
*548 Kathleen W. Will, Borrello, Huber & Dubuclet, Metairie, for Defendants-Appellees.
William R. Mustian, III, Metairie, for Plaintiff-Appellant.
Before BYRNES, LOBRANO and JONES, JJ.
BYRNES, Judge.
In a prior unpublished appeal, 93-CA-0350 (La.App. 4 Cir.9/30/93), 624 So.2d 56, we noted that the hearing officer found in a 1992 hearing in this matter that:
The parties stipulated that the plaintiff was injured in an accident in the course and scope of her employment in January, 1989. Her rate of compensation was $157.00 per week. She was paid indemnity benefits from January 27, 1989 to January 16, 1992 in the sum of $25,995.00. All medical expenses totaling $10,162.00 have been paid through August 6, 1992.
The hearing officer also noted that at that time medicals were still being paid, but the defendant employer contended that the plaintiff was no longer disabled from returning to work. The hearing officer found that the testimony of the plaintiff and her treating physician, Dr. Watermeier, lacked credibility and denied plaintiff's claim for disability. Plaintiff appealed, but this Court affirmed the judgment against her in the prior unpublished opinion, supra.
Sometime following the first trial the plaintiff underwent a "facet joint injection" which plaintiff argues proves her pain and work related disability. This evidence was not available at the original trial. Accordingly, plaintiff filed a motion with the hearing officer to modify the original judgment of September 22, 1992, denying disability benefits.
In response the defendants filed an exception of no cause of action, contending that no award of compensation was made in the judgment of September 22, 1992, and that under LSA-R.S. 23:1310.8 B the hearing officer's modification authority exist only where an award has been made; and that no such authority exists in cases such as this where the plaintiff's claim has been denied. Matthews v. Farley Industries, 95-1387, 95-1796 (La.2/28/96), 668 So.2d 1144. The hearing officer granted the defendant's exception and the plaintiff appealed.
Plaintiff counters that the Matthews court considered only LSA-R.S. 23:1310.8 B which provides that the hearing officer may "review any award." Plaintiff contends that the Matthews court did not consider the effects of LSA-R.S. 23:1310.8 A(1) which provides in pertinent part:

The power and jurisdiction of the hearing officer over each case shall be continuing and he may, upon application by a party and after a contradictory hearing, make such modifications or changes with respect to former findings or orders relating thereto if, in his opinion, it may be justified, including the right to require physical examinations as provided for in R.S. 23:1123, provided, that upon petition filed by the employer or insurance carrier, and the injured employee, or other person entitled to compensation under the Worker's Compensation Act, a hearing officer shall have jurisdiction to consider the proposition of whether or not a final settlement may be had between the parties presenting such petition, subject to the provisions of law relating to settlements in worker's compensation cases.
*549 In Matthews the Louisiana Supreme Court noted:
The former statute allowed modification of a compensation judgment or the director's recommendation. The current statute uses the word "award." Under Section B, the hearing officer may review any award and end, diminish or increase the compensation previously awarded. The language clearly requires a prior award of compensation.
Neither Lana Martin nor Hilliard Matthews received an award of compensation. Both claimants' suits were dismissed with prejudice by their respective hearing officers. Both adverse judgments were affirmed. the judgments became final adjudications. Since no awards were made, the hearing officers lacked jurisdiction to end, diminish or increase the compensation previously awarded. [Emphasis added.]
Their are two competing and conflicting policy issues implicit in the Matthews decision:
(1) Finality of judgments.
(2) The policy expressed by the First Circuit in the appellate decision[1] of the same name which was explicitly overruled by the Supreme Court in Matthews, supra:
We can easily envision a situation in which the employee would not have a cause of action to seek modification of an award under La.R.S. 23:1310.8. For example, it is clear that one who has been denied benefits because he failed to prove a compensable accident could not use La. R.S. 23:1310.8(B) to modify a judgment in favor of the employer. However, in the case at hand, there is no dispute that Matthews received a compensation injury and was disabled for a period of time. To suggest that he cannot raise a claim for change of conditions simply because there was a time in which he temporarily recovered would defeat the intent of the worker's compensation system which was set up to aid injured workers by the use of informal and flexible proceedings. The jurisprudence held that La.R.S. 23:1331 was to be interpreted liberally in favor of the employee. [Citations omitted.] It follows that La.R.S. 23:1310.8(B) should be interpreted in the same manner. [Emphasis added.]
The facts of the instant case are identical to those quoted above from the appellate decision in Matthews in the key respect that there is no dispute in the instant case that the plaintiff suffered a compensable injury, and did in fact receive compensation for a period of time. We admit to a certain sympathy for the reasoning expressed by the First Circuit in Matthews under these particular facts, but we cannot ignore the fact that our Supreme Court specifically overruled Matthews and the approach we quoted immediately above from the Third Circuit opinion in that case. Although the Supreme Court in Matthews did not specifically address the argument plaintiff now makes regarding the applicability of LSA-R.S. 23:1310 A(1), the Matthews holding is so unequivocal that it cannot be ignored on that basis alone.
However, as this Court is impressed by the nature of plaintiff's argument regarding the applicability of LSA-R.S. 23:1310 A(1), we feel compelled to give this case more thorough analysis. Under normal rules of statutory construction we should try to give effect to the language found in LSA-R.S. 23:1310 A(1) that:
The power and jurisdiction of the hearing officer over each case shall be continuing and he may, upon application by a party and after a contradictory hearing, make such modifications or changes with respect to former findings or orders relating thereto if, in his opinion, it may be justified ...
But the necessary implication of the defendants' position is that this language quoted from LSA-R.S. 23:1310 A(1) is redundant of and subsumed by LSA-R.S. 23:1310 B and confers no rights of modification under the facts of this case beyond the rights of review conferred upon the hearing officer by LSA-R.S. 23:1310 B. We must either accept this view or assume that the Supreme Court in Matthews either failed to consider the effect of LSA-R.S. 23:1310 A(1), or considered it *550 and decided that it applied to cases other than those in which all benefits were declared terminated. The more prudent course, and, therefore, the one this Court adopts is the view that the Supreme Court in Matthews did not implicitly find LSA-R.S. 23:1310 A(1) and LSA-R.S. 23:1310 B to be redundant, but that LSA-R.S. 23:1310 B governed the particular fact situation before the court in Matthews and that LSA-R.S. 23:1310 A(1) would govern other yet to be determined fact situations. This is consistent with the normal rules of statutory construction requiring courts to give effect to all statutory language, except where to do so would lead to absurd consequences.
Following this reasoning we note that LSA-R.S. 23:1310 B deals exclusively with changes in the amount of benefits. LSA-R.S. 23:1310 B only authorizes the hearing officer in reviewing an award to "make an award ending, diminishing, or increasing the compensation previously awarded." On the other hand, it is the opinion of this Court that the continuing jurisdiction described in LSA-R.S. 23:1310 A(1) refers to the power of the hearing officer to alter the nature of benefits awarded, e.g., changes from temporary total disability to supplemental earnings benefits.
In the appellate opinion in Matthews the court emphasized that the first judgment found that the claimant failed to show that he was entitled to any further benefits under the act. 657 So.2d at 193. In the instant case the record indicates that there was an admission of ongoing responsibility for medical treatment at the time the first judgment was rendered.
Martin v. Texaco, Inc., 94-2412, p. 2 (La. App. 1 Cir. 5/5/95), 655 So.2d 549, 550 held that LSA-R.S. 23:1310 B only permitted modification where an award of compensation had been made. However, Martin, like Matthews also involved a termination of all benefits.[2]In cases, such as the instant case, where there has been no formal award of benefits by court decree, but there are ongoing benefits (such as medical) not terminated by the judgment, we find that the hearing officer retains modification jurisdiction under LSA-R.S. 23:1310 A. We feel that this result creates a reasonable balance in the tension that exists between the policy favoring the finality of judgments and the policy recognizing that disability is not a condition etched immutably in stone, fixed in one instant for all time. There may be some employees whose benefits are terminated entirely during a period when their work related disabilities are quiescent, only to flare up later. These employees may fall through the cracks in Matthews in deference to the desire for finality which discourages harassment and fraud. We assume that the termination of all benefits entirely is thought to create a situation somewhat analogous to that in Rapp v. City of New Orleans, 95-CA-1638, p.30 (La.App. 4 Cir. 9/18/96), 681 So.2d 433where this Court observed:
Where a worker goes for more than three years without any medical attention the legislature could have been motivated by a concern that expenses arising after such a long hiatus might not be legitimately connected with the previous injury.
In other words, where all benefits have been terminated by adjudication, the Supreme Court in Matthews creates a bright line closing the case, and the employer is entitled to rely on that closure based on the assumption that future disability will be unrelated to the earlier injury and/or at some point the employer should be allowed to close his files. But where as in Carmen Brown's case all benefits were not terminated, the arguments in favor of finality are not as persuasive. Because Carmen Brown's medical benefits were not terminated by the first judgment, there is no implication that she was cured. The continued payment of medical benefits should have prevented Carmen Brown's employer, the defendant, from closing its files on her case.
However, just because the continuation of medical payments may give the trial court continuing jurisdiction in this case, does not mean that Carmen Brown is entitled to invoke that continuing jurisdiction. Commencing on page three of plaintiff's brief it is noted that:

*551 However, in the instant case, claimant is not claiming a change in conditions but is seeking a modification because important diagnostic data relevant to the etiology of her condition is now available and was not available at the time of trial. [Emphasis added.]
In other words the claimant does not contend that her physical condition as a result of the accident is any worse or different now than it was at the time her claim for disability benefits was denied by the September 23, 1992, judgment of the hearing officer, which judgment was affirmed by this Court on September 30, 1993, unpublished opinion no. 93-CA-0350. The claimant does not contend that she is now more disabled. Her argument is based entirely on the proposition that she now has better proof of the disability she failed to prove initially. Neither LSA-R.S. 23:1310 A(1) nor 23:1310 B is intended to allow the parties to relitigate what has already been litigated under the guise of continuing jurisdiction or the power of modification. Claimant's theory of the case would provide her with limitless bites at the apple in hopes of eventually finding a more sympathetic audience. Claimant must either advance an issue in an open case that has not previously been litigated[3] or show a change in condition or a change of circumstances before she can even approach the threshold of continuing jurisdiction or the power of modification. LSA-R.S. 23:1310 A(1) and 23:1310 B apply to new issues or circumstances, not new evidence. Claimant has shown no new issues and no new circumstances.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
LOBRANO, J., concurs.
JONES, J., dissents.
LOBRANO, Judge, concurring.
I concur in the majority result because of Matthews v. Farley Industries, 95-1387, 95-1796 (La.2/28/96), 668 So.2d 1144 and the majority's reconciliation of La. R.S. 23:1310 A(1) and La. R.S. 23:1310(B).
JONES, Judge, dissenting with reasons.
The majority correctly notes that LSA-R.S. 23:1310.8(B) governs the modification of compensation previously awarded based on a change in the recipients' condition. The hearing officer in this matter granted the Defendants exception of no cause of action because no award of compensation had been made. LSA-R.S. 23:1310.8(B) provides that after a contradictory hearing, a hearing officer may modify the compensation previously awarded. The statute's language clearly requires a prior award of compensation. Matthews v. Farley, 95-1387, 95-1796 (La.2/28/96), 668 So.2d 1144.
In Matthews, the plaintiff argued that he had a viable claim for modification under LSA-R.S. 23:1310.8(B). The Supreme Court ruled that "since no awards were made, the hearing officer lacked jurisdiction to [modify] the compensation previously awarded." Matthews, 668 So.2d at 1146. The plaintiff's claim for modification was dismissed. To distinguish Matthews from the case at hand we look to the argument of both appellants. In Matthews, the appellant argued that LSA-R.S. 23:1310.8(B) was the controlling statute. However, in the case at hand the Plaintiff argues that LSA-R.S. 23:1310.8(A)(1) should be applied.
A similar situation was presented in Gary v. H.B. Zachry Co., Inc., 93-581 (La.App. 3 Cir. 2/2/94), 631 So.2d 671. In Gary, the hearing officer originally ruled in favor of the defendants, dismissing plaintiff's claim. However, the hearing officer reopened the case and allowed the results of objective medical test to be presented. The defendants filed an exception of res judicata which was denied. In light of the new objective medical findings the hearing officer ruled in favor of the Plaintiff on the basis of LSA-R.S. 23:1310.8(A)(1).
The plaintiff in Gary argued that he was entitled to the modification under LSA-R.S. *552 23:1310.8(A)(1). On appeal the Third Circuit pretermitted on the issue of whether the hearing officer erred in rehearing the case as a motion to modify pursuant to LSA-R.S. 23:1310.8(A)(1). The Third Circuit treated the plaintiff's motion as a motion for new trial pursuant to C.C.P. art.1972(2). The hearing officer's ruling in favor of the plaintiff was affirmed.
LSA-R.S. 23:1310.8(A)(1) provides:
The power and jurisdiction of the hearing officer over each case shall be continuing and he may, upon application by a party and after a contradictory hearing, make such modifications or changes with respect to former findings or orders relating thereto if, in his opinion, it may be justified, including the right to require physical examinations as provided for in R.S. 23:1123, provided, that upon petition filed by the employer or insurance carrier, and the injured employee, or other person entitled to compensation under the Worker's Compensation Act, a hearing officer shall have jurisdiction to consider the proposition of whether or not a final settlement may be had between the parties presenting such petition, subject to the provisions of law relating to settlements in workers's compensation cases.
The language of the statute refers to modifications as they relate to determinations made by the hearing officer. This differs from LSA-R.S. 23:1310.8(B) which discusses the modification of previously awarded compensation.
The Plaintiff in this matter, as with the plaintiff in Gary, did not base her application for modification on a change in her condition. Rather, the Plaintiff's application is based on newly discovered objective evidence. The facet joint injection which aided in the diagnosis of the etiology of the Plaintiff's condition was not available at the time of the trial. Had this evidence been available it clearly would have supported the Plaintiff's subjective complaints.
The majority acknowledges that in some cases "employees' benefits are terminated entirely during a period when their work related disabilities are quiescent, only to flare up later." They even acknowledge that employees in these circumstances may fall through the cracks under the application of Matthews. They admit that the Plaintiff, Carmen Brown, is not claiming that she is now more disabled. They also admit that LSA-R.S. 23:1310.8(B) deals exclusively with the modification of compensation previously awarded. However, their analysis of LSA-R.S. 23:1310.8(A)(1) fails to consider under what factual circumstances, if any, the statute can be applied. Although the majority's result differs from the decision in Gary, they to have pretermitted on the issue of whether a hearing officer may rehear a case as a motion to modify under LSA-R.S. 23:1310.8(A)(1).
The underlying issue in this case, regardless of the outcome, is under what factual circumstances does LSA-R.S. 23:1310.8(A)(1) apply. Employing the normal rules of statutory construction it is clear that LSA-R.S. 23:1310.8(A)(1) governs the continuing "power and jurisdiction" of the hearing officer. The statute makes clear that the hearing officer may not invoke his authority sua sponte. Modifications or changes of former findings by the hearing officer can only be made upon application of a party.
In direct contrast LSA-R.S. 23:1310.8(A)(1) explicitly explains that the modifications or changes apply to former findings or orders made by the hearing officer; whereas, LSA-R.S. 23:1310.8(B) only applies when a party is seeking to modify an award of compensation. The language of the statutes provide a clear distinction. The term "award" used in LSA-R.S. 23:1310.8(B) clearly refers to a monetary value. This definition is consistent with the statute's permissive language which allows a hearing officer to "end, diminish, or increase the compensation previously awarded." LSA-R.S. 23:1310.8(B).
LSA-R.S. 23:1310.8(A)(1) allows a hearing officer to modify or change his former findings or orders. The statute further states that the hearing officer may order the claimant to submit to a physical examination. The language clearly provides for a modification even where there is no award of benefits. Therefore, the "former findings" referred to *553 in LSA-R.S. 23:1310.8(A)(1) applies to any prior rulings or determinations made by the hearing officer effecting a final settlement of the claim.
I submit that the matter before this court is precisely the type of case to which LSA-R.S. 23:1310.8(A)(1) applies. The hearing officer dismissed the Plaintiff's initial claim seemingly because of the absence of sufficient evidence to form an objective basis for the Plaintiff's claim. However, retaining power and jurisdiction over the matter the hearing officer, upon application by the claimant, was presented diagnostic tests results, which provided an objective explanation for the Plaintiff's claim. At the time of the trial the tests had not been performed; therefore, the resulting evidence was unavailable. The Plaintiff did not allege that her injury had change, only that she now had sufficient evidence to provide a basis for her claim. Evidence which would justify a hearing officer's modification of a previous finding, or lack thereof, which resulted in a dismissal.
The majority suggest the claimant's argument is based entirely on new evidence proving her disability. They suggest that because she failed to prove her disability at trial she should not be granted "limitless bites at the apple." I find this language to be in direct contradiction to their idea that there will be employees whose benefits are terminated even though their work related disabilities are quiescent. I submit that when applicable, LSA-R.S. 23:1310.8(A)(1) will prevent such claimants from "falling through the cracks." Therefore, subject to the applicability of LSA-R.S. 23:1310.8(A)(1), the hearing officer's decision to grant the Defendant's exception should be reversed.
For the foregoing reasons I respectfully dissent from the majority opinion affirming the judgment.
NOTES
[1] Matthews, 95-49, p. 3 (La.App. 3 Cir. 5/3/95), 657 So.2d 191, 194.
[2] The Martin case was affirmed by the Supreme Court in Matthews.
[3] An example of an issue in an open case not yet litigated would be that of claimant's ongoing entitlement to medical benefits.