I2FOIL, Judge.
This appeal challenges the dismissal of a petition to modify worker’s compensation benefits pursuant to an exception of no cause of action. We hold that the Office of Worker’s Compensation Administration (OWCA) lacked subject matter jurisdiction to modify a judgment denying compensation benefits, and we affirm.
FACTUAL AND PROCEDURAL BACKGROUND
On March 20,1992, Antonino Anzalone was injured in the course and scope of his employment as a claims adjuster with Allstate Insurance Company. Specifically, plaintiff asserted that he injured his back and neck in a fall from a roof while inspecting the roof of one of Allstate’s insureds. Allstate paid plaintiff, weekly compensation benefits for a total disability until January 31, 1994. Allstate terminated benefits, asserting that plaintiff was no longer disabled and was able to return to the same position he had prior to the injury.
Plaintiff filed a disputed claim seeking reinstitution of his benefits in the OWCA, and alternatively, sought to recover supplemental earnings benefits. He also insisted that Allstate failed to pay certain medical expenses and travel bills that resulted from the accident. Plaintiff averred that Allstate acted arbitrarily and capriciously in terminating his compensation benefits and not paying his medical expenses.
Following a hearing on July'22, 1994, the worker’s compensation ’ judge (WCJ), Delos Johnson, Jr., ruled that plaintiff failed to prove that he was disabled, and therefore, denied plaintiff’s claim for compensation benefits. In written reasons for judgment, the WCJ specifically found that the evidence established that plaintiff was not in need of further medical treatment or physical therapy-
Plaintiff appealed that decision to this court, which affirmed the WCJ’s ruling. The Supreme Court denied writs, making the judgment denying compensation benefits a final one. Anzalone v. Allstate Ins. Co., 94-2613 (La.App. 1 Cir. 12/15/95); 667 So.2d *19 1239, writ denied, 96-0814 (La.3/15/96); 669 So.2d 425.
13After the finality of the judgment, on September 5,1996, plaintiff filed this claim in the OWCA seeking to modify the judgment based on new medical evidence. He sought benefits based on the same March 20, 1992 work accident and alleged the same neck and back injuries resulting therefrom. His claim for medical benefits was based on the opinion of his treating physician, Dr. Charles Gene-vose, that plaintiff is totally disabled from working. In a letter dated July 12,1996, Dr. Genevose stated that he had testified in plaintiffs original worker’s compensation trial that plaintiff was totally disabled but could return to work. However, he noted that after the trial, plaintiffs condition failed to improve and his complaints of severe pain increased. He stated that based on additional test results and the opinions of other experts, he now believes that plaintiff cannot return to work for any employer, and that his total disability is permanent. Plaintiff also sought to introduce two other medical opinions indicating that he is currently totally disabled from work due to neck problems.
Allstate filed a peremptory exception raising the objection of no cause of action, relying on the Supreme Court’s decision in Matthews v. Farley Industries, 95-1387 (La.2/28/96); 668 So.2d 1144. Delos Johnson, Jr., who heard the first case, granted the exception and dismissed plaintiffs claim. This appeal, taken by plaintiff, followed.
DISCUSSION
La. R.S. 23:1310.8 B gives a workers’ compensation hearing officer the power to review any award, and on such review, make an award ending, diminishing or increasing the compensation previously awarded. In Matthews v. Farley Industries, supra, the Supreme Court held that in light of La. R.S. 23:1310.8 B’s language, a worker’s compensation tribunal does not have jurisdiction to modify a judgment denying compensation benefits, where that judgment has become a final adjudication. In both cases at issue in Matthews, the claimants’ suits were dismissed with prejudice by their respective hearing officers, and both adverse judgments were affirmed and ^became final adjudications. Matthews v. Farley Industries, 95-1387 at p. 6; 668 So.2d at 1146.
Plaintiff attempts to distinguish Matthews on the basis that Allstate continued paying medical benefits after the judgment terminating his right to receive benefits. Allstate admits in brief that it did continue to pay plaintiffs medical benefits during the appeal process, and ceased after the judgment became final.
Despite plaintiffs assertions to the contrary, it is clear that his entitlement to medical benefits was litigated in the first trial. The WCJ made a specific finding that plaintiff was not entitled to future medical benefits, and therefore, the judgment terminated plaintiffs right to medical benefits. The fact that Allstate continued paying plaintiffs medical expenses while the case was pending appeal does not give plaintiff a legal right to demand that Allstate continue paying benefits when a judgment terminated his right to benefits. Furthermore, Allstate’s voluntary payment of benefits can have no effect on the OWCA’s modification jurisdiction under La. R.S. 23:1310.8 B.[1]
We find no merit in plaintiff’s attempt to distinguish this case from Matthews. Here, a judgment denying weekly compensation and medical benefits was entered in 1994, *20 and became a final adjudication on March 15, 1996. The instant petition to modify the judgment is based on the same accident and same injuries asserted in the first litigation. There is no evidence of a new disability; rather, the medical reports indicate that plaintiffs complaints of pain have grown more severe, and because of his pain, he is unable to engage in employment. The extent of plaintiffs disability based on Rthe work accident was fully litigated in the first trial, with a final determination that plaintiff was not disabled. Under Matthews, the OWCA lacks subject matter jurisdiction to modify this final judgment denying plaintiff compensation and medical benefits.[2]
For the foregoing reasons, we hold that the OWCA lacked subject matter jurisdiction to modify the judgment denying plaintiff compensation benefits, and the WCJ correctly dismissed the claim. All costs of this appeal are assessed to plaintiff, Antonino An-zalone.
AFFIRMED.

. In a recent case, Brown v. Rouse Company, 97-1243 (La.App. 4 Cir. 1/14/98); 706 So.2d 547, the court stated that where there is no formal award of benefits by court decree, but there are ongoing benefits, such as medical payments not terminated by a judgment in a prior worker’s compensation proceeding, a worker's compensation tribunal retains modification jurisdiction under La. R.S. 23:1310.8 A, which deals with the continuing jurisdiction of the OWCA. The court seemed to imply that the continued payment of medical payments by an employer who disputes the employee’s disability following a judgment decreeing that the employee is not disabled may give the worker's compensation tribunal continuing jurisdiction under La. R.S. 23:1310.8 A over the compensation matter if the claimant could show a greater disability than at the time of the trial. Because there is a final judgment in this case terminating plaintiff's right to medical benefits, we do not consider the correctness of the Brown court's ruling in light of the Supreme Court's decision in Matthews v. Farley.

. In Martin v. Texaco, 94-2412, p. 5 (La.App. 1 Cir. 5/5/95); 655 So.2d 549, 551, aff'd sub. nom., Matthews v. Farley Industries, 95-1387 (La.2/28/96); 668 So.2d 1144, this court addressed the identical issue in terms of an exception of no cause of action. Although the Supreme Court affirmed this court’s ruling in Martin v. Texaco, it treated the issue as one of subject matter jurisdiction. On the basis of Matthews, we too treat the issue in this case as one addressing the subject matter jurisdiction of the OWCA.