| .GREMILLION, Judge.
The issue on appeal is whether the workers’ compensation judge correctly denied the Motion for Reconsideration and Modification filed by the plaintiff, Kenneth LeBas. The workers’ compensation judge held that LeBas could not seek modification of a judgment denying benefits when La.R.S. 23:1310.8(B) requires a prior award of benefits. We agree with this finding and affirm.
FACTS
LeBas was employed by Union Tank Company in September 1993, when he suffered an injury during the course and scope of his employment. After seeking medical treatment, LeBas was hospitalized *1098 and subsequently declared unable to work for several months. Despite this declaration, he returned to light-duty work and was involved in another work-related accident on February 22, 1994. Dr. Douglas 1 aMcKay, an orthopedic surgeon, performed a percutaneous disectomy on Le-Bas afer an MRI revealed a herniated disc and several bulging discs. LeBas returned to light-duty and sedentary work in November 1994, as a flagman/crossing guard. He reinjured his back while performing these duties on December 2, 1994. Dr. McKay instructed him to discontinue working.
On January 22,1996, the Office of Workers’ Compensation denied LeBas’ request for disability benefits. He appealed to this court and we affirmed the workers’ compensation judge’s judgment in an unpublished opinion. Lebas v. Union Tank Car Company, 96-631 (La.App. 3 Cir. 11/6/96); 681 So.2d 1320.
Asserting that his condition had deteriorated to the point of disability, LeBas filed a new claim for workers’ compensation benefits based on his December 1994 rein-jury. On September 4, 1997, the workers’ compensation judge dismissed LeBas’ claim and maintained Union Tank’s exception of res judicata, however, she reserved his right, if any, to file a motion for modification of the 1996 judgment in accordance with La.R.S. 23:1310.8(B). In October 1997, LeBas filed a Motion for Reconsideration and Modification of Judgment seeking modification of the 1996 judgment. The workers’ compensation judge dismissed this claim stating that “claimants cannot seek modifications of adverse judgments denying benefits, since the statute clearly requires a prior award of compensation.” LeBas appeals this ruling.
ISSUE
On appeal, LeBas argues that the workers’ compensation judge erred in denying his Motion for Reconsideration and Modification of Judgment based on res _yudicata, prescription, and La.R.S. 23:1310.8.
MODIFICATION OF PRIOR JUDGMENT
La.R.S. 23:1310.8(B) provides:
Upon the application of any party in interest, on the ground of a change in conditions, the hearing officer may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing, the compensation previously awarded, subject to the maximum or minimum provided in the Workers’ Compensation Act, and shall state his ‘ conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.
LeBas claims that the workers’ compensation judge has the power to modify and/or revise her prior judgment because Union Tank voluntarily paid compensation benefits to him prior to terminating them. He argues that Union Tank is relying on cases where no benefits were paid to the claimant prior to a hearing and then benefits were denied at the hearing because disability was denied and/or the occurrence of a work-related accident was not proven.
However, in the consolidated cases of Matthews v. Farley Industries, Inc. and Martin v. Texaco, Inc., 95-1387, 95-1796 (La.2/28/96); 668 So.2d 1144, cited by Union Tank, both claimants were voluntarily paid compensation benefits, their benefits were terminated by their employers, resulting in subsequent suits for compensation. In both cases, the claimants were denied benefits and later filed motions alleging a change in circumstances and seeking a modification of their prior adverse judgments.
In finding that the workers’ compensation judge lacked jurisdiction to modify the previous adverse judgments, the supreme court stated, “Under Section B, the hearing officer may review any award and end, diminish or increase the |ficompensation *1099 previously awarded. The language clearly requires a prior award of compensation.” Id. at p. 5; 668 So.2d 1146. Further, in Jackson v. Iberia Parish Government, 98-1810, p. 4 (La.4/16/99); 732 So.2d 517, 521, the supreme court reiterated its prior holding by stating, “Matthews determined that the word ‘award’ found in Section 1310.8(B) contemplates that the plaintiff has received a judgment awarding compensation.”
In the September 1997 judgment, the workers’ compensation judge dismissed LeBas’ suit with prejudice, reserving to him “his rights, if any, to file a'motion for modification of the said prior judgment under the terms of La.R.S. 23:1310.8(B).” The “said prior judgment,” the January 22, 1996 judgment, held that LeBas failed to prove that, solely as a result of substantial pain, he was unable to perform light duty positions offered to him by Union Tank and granted judgment in its favor. Since La.R.S. 23:1310(B) requires a prior award of compensation before a judgment may be modified, the 1997 judgment basically reserved nothing to LeBas. Accordingly, we affirm the judgment of the workers’ compensation judge granting Union Tank’s exception of res judicata. Our holding renders moot the question of prescription, thus, we need not address that issue.
CONCLUSION
For the foregoing reasons, the judgment of the workers’ compensation judge is affirmed. The costs of this appeal are assessed to the plaintiff-appellant, Kenneth LeBas.
AFFIRMED.
SAUNDERS, J., dissents and assigns written reasons.