STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

03-864

RODNEY G. DELANEY

VERSUS

CITY OF ALEXANDRIA

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 97-02010
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

ULYSSES GENE THIBODEAUX
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Oswald A. Decuir, and Jimmie C. Peters, Judges.

DECUIR, J., CONCURS AND ASSIGNS REASONS.

AFFIRMED.

Randall Gordon Wells
717 Foster Drive - Suite #240
Baton Rouge, LA 70806
Telephone: (225) 927-3914
COUNSEL FOR:
    Plaintiff/Appellant - Rodney G. Delaney

Joseph Rodney Messina
256 East Boulevard
Baton Rouge, LA 70802
Telephone: (225) 343-9422
COUNSEL FOR:
    Plaintiff/Appellant - Rodney G. Delaney
Lewis Olivier Lauve, Jr.

**Bussey & Lauve, LLC**
**P. O. Box 307**
**Alexandria, LA 71309-0307**
**Telephone:  (318) 449-1937**
**COUNSEL FOR:**
>    **Defendant/Appellee - City of Alexandria**

THIBODEAUX, Judge.

<u>**MEMORANDUM OPINION**</u>

In this workers' compensation proceeding, Rodney Delaney appeals a judgment of the Office of Workers' Compensation granting the City of Alexandria's exception of res judicata. The essential facts are not disputed. We affirm.

Mr. Delaney filed a Disputed Claim for Compensation on March 26, 1997, under docket number 97-02010. The only bonafide dispute was to "[e]nforce the settlement made between the parties." Mr. Delaney alleged that the City of Alexandria, his employer, had reneged on an agreement to settle his claim for $45,000.00. In response, the City filed an answer denying that an agreement had been reduced to writing or had been recited in open court and was capable of being transcribed. Shortly thereafter, the City of Alexandria filed a motion for summary judgment on the basis that any alleged settlement had never been reduced to writing. Thus, there was no binding agreement.

In Mr. Delaney's pretrial statement of June 9, 1997, the only issues to be litigated were the existence of an enforceable settlement agreement and attorney fees and costs. A judgment granting the employer's motion for summary judgment was signed on July 22, 1997. That judgment was never appealed and is now final. The claimant, Mr. Delaney, requested a status conference on December 5, 2001, under docket No. 97-02010. Shortly thereafter, on December 20, 2001, Mr. Delaney filed another Disputed Claim for Compensation. In that claim, the only bonafide dispute was "disability status."

The City's exception of res judicata filed on January 14, 2002, requested a dismissal of all claims under docket number 97-02010. The City argued that the workers' compensation claim had been dismissed on July 22, 1997. The summary judgment granted at that time had the effect, the City argued, of barring all

subsequent claims sought to be asserted in that matter. The City's assertion was that the entire matter was dismissed with prejudice. The Office of Workers' Compensation granted the City's exception of res judicata and signed a judgment on April 18, 2002, under docket number 97-02010.

While we agree that the exception of res judicata was properly granted, we do not sanction the City's argument that all subsequent claims sought to be asserted were dismissed by the summary judgment granted on July 22, 1997. However, there were no disputes or causes of action existing regarding indemnity or medical benefits. Thus, these were not subject to res judicata. Louisiana Revised Statutes 13:4231(2) states:

> If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

Mr. Delaney, however, seeks to resurrect disability issues in docket number 97-02010. However, that lawsuit has already been dismissed by summary judgment. A subsequently filed claim under docket number 01-09355 has also been dismissed via an exception of prescription. That has not been appealed and is also final. The issue of a settlement agreement was litigated and fully adjudicated. It is now conclusive. That claim cannot be resurrected. *See* La.R.S. 13:4231(3).

For the foregoing reasons, we affirm the Office of Workers' Compensation judgment granting the City of Alexandria's exception of res judicata.

**AFFIRMED.**

RODNEY G. DELANEY

VERSUS

CITY OF ALEXANDRIA


**DECUIR, J.,** concurs.


I agree with the result reached by the majority.  However, the majority opines that the exception of res judicata does not apply to indemnity or medical benefits in this case.  This court having determined that the exception of res judicata was properly granted, I believe the majority's speculation on other issues is dicta.  The res judicata effect of a judgment is determined by Louisiana Revised Statute 13:4231 and the issues of indemnity and medical benefits are not before this court.