11 EDWIN A. LOMBARD, Judge.
This appeal is from a judgment entered by a workers’ compensation administrative law judge (ALJ) denying and dismissing defendant/appellant’s Petition to Annul Judgment and Motion for New Trial. For the following reasons, we affirm.

Relevant Facts

On February 24, 2003, claimant/appellee Blanche Taylor filed pro se a Disputed Claim for Compensation, alleging that she was injured on January 31, 2003, while employed by the Orleans Parish School Board (OPSB). On March 7, 2003, a notice of the mandatory mediation was mailed to the OPSB and on April 2, 2003, counsel of record enrolled on behalf of Ms. Taylor. The claim was mediated on April 7, 2003, at which time counsel for the OPSB waived citation and accepted service. On April 15, 2003, appellee’s counsel moved for an expedited hearing to determine appellee’s right to medical treatment. Appellant’s counsel filed a written opposition on May 9, 2003, contending that the motion for an expedited hearing should be denied because appellee failed to sustain her burden of proof for summary judgment that she suffered an injury covered by ^workers’ compensation. At the motion hearing on May 12, 2003, counsel for the OPSB and Ms. Taylor stated on the record that, pursuant to a Consent Judgment which would be presented to the court for signature[1] by May 16, 2003, Ms. Taylor would receive back temporary total disability benefits from January 31, 2003, through May 12, 2003, in one check to be received by May 16, 2003, and thereafter OPSB would pay bimonthly temporary total disability benefits until Ms. Taylor was released back to work. In addition, the OPSB agreed to pay Ms. Taylor’s outstanding medical bill according to a fee schedule, attorney fees in the amount of $600.00, and to choose a physician for an independent evaluation of Ms. Taylor. On *451 May 21, 2003, counsel for OPSB filed a motion to annul and/or set aside the judgment rendered on May 12, 2003, and/or to grant a new trial, alleging that Ms. Taylor was not an employee of OPSB but was employed by AME Services, Inc., a janitorial company under contract with OPSB. On May 23, 2003, counsel for Ms. Taylor filed an amended disputed claim for compensation to include AME Services, Inc., and their insurers as defendants in this matter. On July 9, 2003, counsel for Ms. Taylor filed a second motion for an expedited hearing to obtain medical treatment.
On July 29, 2003, counsel for Ms. Taylor, the OPSB, and ETI, Inc., appeared at the hearing on OPSB’s Petition to Annul and the Motion for New Trial filed by OPSB[2]. Counsel for Ms. Taylor submitted Ms. Taylor’s OPSB personnel file, including W-2 tax statements from 2001 and 2002, which indicated that Ms. | Naylor was an employee of the OPSB. In response, counsel for the OPSB contended that at the time of the accident in 2003 Ms. Taylor was an employee of AME, a subsidiary of ETI, but submitted no documentation of the contractual relationship between the OPSB, AME, or ETI, or of any employment relationship between Ms. Taylor and any of these entities in 2003.
After considering the arguments of the parties, the ALJ denied the petition to annul, observing that the contractual relationship between OPSB, AME, and ETI, was unclear and, accordingly, it was unclear whether Ms. Taylor was a statutory employee of OPSB or if OPSB had a procedural remedy against AME or ETI for its unilateral error for acknowledging Ms. Taylor as an employee in entering into the consent judgment. The ALJ issued a written judgment on July 30, 2003, dismissing and denying the Petition to Annul and the Motion for New Trial filed by the OPSB. The OPSB appeals this judgment, contending that it was error for the ALJ to deny its Petition to Annul and Motion for a New Trial and to rule that the claimant’s average weekly wage was $206.00.

Standard of Review

We review worker’s compensation cases under the manifest error or clear error standard. Bruno v. Harbert International, Inc. 593 So.2d 357 (La.1992).

Discussion

Appellant contends that the trial judge committed reversible error in failing to grant the Petition to Annul the Judgment and/or the Motion for New Trial because the petition and motion indicate a lack of consent for judgment. Specifically, appellant contends that there exists an error as to the principal cause of the agreement and an error of fact because the OPSB was not the appellee’s employer.
|4A consent judgment has binding force from the presumed voluntary acquiescence of the parties, not from adjudication by the court, Ritchey v. Azar, 383 So.2d 360 (La.1980), and may be annulled or rescinded for an error of fact or error of the principal cause of the agreement, Succession of Koch, 487 So.2d 635 (La.App. 4th Cir.1986), writ denied, 489 So.2d 251 (La.1986), any change, if warranted, must be affected according to law. Succession of Simmons, 527 So.2d 323 (La.App. 4th Cir.1988), writ denied, 529 So.2d 12 (La.1988).
*452 In this case, the appellee was injured during the course and scope of her employment as a custodian in an Orleans Parish public school and filed a claim for compensation. As her employer, the OPSB waived citation, accepted service, mediated the claim, opposed her motion for an expedited hearing to determine her medical treatment, and entered into a consent agreement to pay her temporary total disability benefits pending medical treatment and determination of her injuries. After entering into the agreement, the OPSB attempted to renege, alleging that the agreement was based on an exroneous assumption that the OPSB was Ms. Taylor’s employer. At the hearing before the ALJ on the petition to annul and motion for a new trial, Ms. Taylor came forward with her OPSB personnel files indicating that she was an OPSB employee. The OPSB contended that the consent agreement was based on a unilateral error that the OPSB was Ms. Taylor’s employer but offered no evidence of the OPSB’s contractual relationship with another entity to supply custodial workers or employment records indicating that Ms. Taylor was an employee of another entity. Based upon this record, we cannot find that the ALJ was manifestly erroneous in denying appellant’s petition to annul or motion for a new trial.
|.Jn addition, the appellant argues that because of the nature of the proceedings that Ms. Taylor’s average weekly wage was, never proven to the court and, accordingly, that the trial judge committed reversible eiTor in ruling in the judgment of July 16, 2003, that Ms. Taylor’s average weekly wage was $206.00.
Appellant’s argument is disingenuous. The judgment signed on July 16, 2003, is based upon the consent agreement entered into by the parties at the hearing on May 12, 2003. The transcript of the May 12, 2003, hearing indicates that the parties discussed the terms of the consent agreement, including the money due to Ms. Taylor, prior to agreeing to it on record. Counsel for the OPSB acknowledged on the record that Ms. Taylor would receive any past due monies and the ALJ told her “everything you asked for, you got.” Ms. Taylor alleged in her petition for compensation benefits that her average weekly wage was $206.00 and nothing in the record refutes this amount. Based upon this record, we do not find that the ALJ was manifestly erroneous in determining that Ms. Taylor’s temporary total disability benefits should be based on an average weekly wage of $206.00.
Conclusion
For the foregoing reasons, the judgment denying the appellant’s Petition to Annul and Motion for a New Trial is affirmed.
AFFIRMED.

. On July 16, 2003, a judgment was signed by the ALJ reflecting the terms of the consent judgment agreed to by the parties at the May 12, 2003, hearing.

. On July 28, 2003, appellee filed exceptions of no cause of action, unauthorized use of summary proceeding and prematurity to appellant's Petition to Annul Judgment or, in the alternative, Motion for a new trial, noting that the Employer’s Report of Occupational Injury or Disease filled out by the OPSB on March 12, 2003, indicated that Ms. Taylor was an employee of OPSB working in the division of AME Services.