943 So.2d 372 (2006)
Dawn MAGEE
v.
ABEK, INC.
No. 2005 CA 0388.
Court of Appeal of Louisiana, First Circuit.
May 5, 2006.
Opinion on Rehearing November 8, 2006.
*373 William R. Mustian, III, Metairie, Counsel for Plaintiff/Appellant Dawn Magee.
Tammy M. Nick, Slidell, Counsel for Defendant/Appellee Abek, Inc.
Before: CARTER, C.J., DOWNING and GAIDRY, JJ.
DOWNING, J.
This is an appeal from a judgment dismissing the claimant's workers' compensation claim on the basis of res judicata. We affirm the trial court judgment.
A full recitation of the facts can be found in an earlier opinion rendered by this court entitled Magee v. Abek, Inc., 04-2554 (La. App. 1 Cir.4/28/06), 934 So.2d 800. Except for the issue of scarring, (not included in this appeal), the claims asserted by Dawn Magee arise out of the same transaction and occurrence as the earlier claims against Abek, Inc.
Generally, after final judgment, res judicata bars re-litigation of any cause of action arising from the same transaction and occurrence. LSA-R.S. 13:4231, LSA-C.C.P. art. 425; Avenue Plaza, L.L.C. v. Falgoust, 96-0173 (La.7/02/96), 676 So.2d 1077, 1079. Workers' compensation judgments however, are treated differently from ordinary judgments because the flexibility of the workers' compensation system would be greatly restricted if the same rigid rules applied. Falgout v. Dealers Truck Equipment Co., 98-3150, pp. 8-9 (La.10/19/99), 748 So.2d 399, 405. In Jackson v. Iberia Parish Gov't, 98-1810 (La.4/16/99), 732 So.2d 517, 520, the Louisiana Supreme Court held where the legislature expressly provides that a workers' compensation award or judgment can be subject to a claim for modification, res judicata does not apply. Falgout, 748 So.2d at 406-406.
We determine that the workers' compensation judge adequately explained how it made its determinations. A thorough review of the record supports its decision. Therefore, we affirm the judgment in accordance with Uniform Court of Appeal Rule 2-16.2A(2). All costs of this appeal are assessed against plaintiff-appellant, Dawn Magee.
AFFIRMED.
GAIDRY, J., dissents as res judicata does not apply Jackson vs Iberia Parish Government (La.4/16/99), 732 So.2d 517.

ON REHEARING
GAIDRY, J.

SUMMARY DISPOSITION
The plaintiff-appellant, Dawn Magee, has applied for rehearing of this court's prior decision affirming the dismissal of her workers' compensation claim on the grounds of res judicata. We grant her application, vacating our prior decision, reverse the judgment of the workers' compensation judge (WCJ) sustaining the exception, and remand the case for further proceedings.
The factual background of this case is described in Magee v. Abek, Inc., 04-2554, pp. 2-4 (La.App. 1st Cir.4/28/06), 934 So.2d 800, 805-6. There we affirmed the WCJ's judgment finding that alleged neck and back injuries were not work-related and that Ms. Magee was not entitled to disability benefits. However, the same judgment *374 also found a left ulnar nerve injury to be work-related and ordered Abek to pay the reasonable and necessary medical expenses associated with that injury, including recommended surgery. We affirmed that judgment in its entirety, including the causation issue relating to the ulnar nerve injury. Ms. Magee now claims that she is entitled to disability benefits by reason of the effects of the recommended surgery.
Even though Ms. Magee was not found to be disabled from any injury, including the ulnar nerve injury, she did receive an award of medical benefits. Under the reasoning set forth in Brown v. Rouse Company, 97-1243, pp. 6-7 (La.App. 4th Cir.1/14/98), 706 So.2d 547, 550-51, as amplified by Jackson v. Iberia Parish Government, 98-1810 (La.4/16/99), 732 So.2d 517, res judicata clearly does not bar litigation of Ms. Magee's present claim related to the ulnar nerve injury under these facts.[1] The WCJ retains modification jurisdiction under La. R.S. 23:1310.8(A) and (B). Whether the claim is meritorious in light of the credibility considerations raised in the prior case is not the issue here; the issue is whether she should be allowed to present the present claim for determination on its merits. Given this matter's presentation in the context of workers' compensation, we hold that Ms. Magee is so entitled and accordingly remand the case to the Louisiana Workers' Compensation Administration, District 6, for further proceedings.

DECREE
We reverse the judgment of the Office of Workers' Compensation Administration, District 6, and remand the case for further proceedings through this summary disposition, in accordance with Rules 2-16.2(A)(2) and (10) of the Uniform Rules of the Louisiana Courts of Appeal. All costs of this appeal are assessed to the defendant-appellee, Abek, Inc.

REHEARING GRANTED; REVERSED AND REMANDED.
NOTES
[1] See also Anzalone v. Allstate Ins. Co., 97-0866, p. 4 n. 1 (La.App. 1st Cir.4/8/98), 714 So.2d 18, 19 n. 1, writ denied, 98-2180 (La.11/13/98), 730 So.2d 939. It is unnecessary for us to decide whether either res judicata or issue preclusion bars reconsideration of Ms. Magee's claims related to the other claimed injuries, although it certainly would seem that they would.