GAIDRY, J.
|gA workers’ compensation claimant appeals a judgment of the Office of Workers’ Compensation, dismissing his workers’ compensation claim contesting the amount of his weekly indemnity benefit. We amend the judgment and affirm it as amended.
FACTUAL AND PROCEDURAL BACKGROUND
The claimant, Shannon Chaisson, sustained a work-related injury on January 9, 1995, while employed by Central Crane Service, Inc. On September 27, 1995, he filed a disputed claim for workers’ compensation against his employer and its insurer, Louisiana Workers’ Compensation Corporation (LWCC). Mr. Chaisson claimed that his average weekly wage was $520.00, based upon an hourly wage of $13.00 for 40 hours per week.
The parties eventually agreed to compromise Mr. Chaisson’s existing cause of action. Pursuant to the compromise, Mr. Chaisson, represented by counsel, moved to voluntarily dismiss his claim for all weekly indemnity benefits, penalties, and attorney fees.[2] The motion recited the following basis for the requested dismissal:
*885 1.
[LWCC] has paid Shannon Chaisson the sum of FOURTEEN THOUSAND, SEVEN HUNDRED SEVENTY-NINE AND 27/100 DOLLARS ($14,-779.27), representing workers’ compensation weekly indemnity benefits from May 5, 1995 through June 20, 1996 in the amount of TWO HUNDRED FORTY-SEVEN AND 50/100 DOLLARS ($247.50) per week.
[[Image here]]
At present, workers’ compensation weekly indemnity benefits in the amount of TWO HUNDRED FORTY-SEVEN AND 50/100 DOLLARS ($247.50) are continuing to be made.
[LWCC] further agrees to pay all medical expenses associated with the injuries sustained by Shannon Chaisson on or about January 9, 1995 during the course and scope of his employment with Central Crane Service, Inc.
8.
Based upon the agreements set forth in the preceding paragraphs, Shannon Chaisson wishes to dismiss, with prejudice, all claims for workers’ compensation benefits, of any kind or character, including penalties and attorney fees, due and owing up through the date of the signing of this Motion to Dismiss. In all other respects, Shannon wishes to dismiss his workers’ compensation claim against Central Crane Service, Inc. and [LWCC], without prejudice.
The order of dismissal included with the motion was signed on July 18,1996.
On March 13, 2009, over twelve years later, Mr. Chaisson filed a second disputed claim for compensation, claiming that his weekly indemnity benefits had been underpaid since the date of dismissal of his first claim due to miscalculation of his average weekly wage. In his disputed claim form, he claimed an average weekly wage of $540.00, entitling him to the maximum weekly indemnity benefit of $328.00.[3]
LWCC’s answer was filed on April 9, 2009, admitting Mr. Chaisson’s employment status at the time of injury and that it had paid weekly indemnity benefits of $247.50 from May 5, 1995 through April 3, 2009. Trial was set for September 23, 2009.
|4On September 14, 2009, LWCC filed a peremptory exception of res judicata, asserting that Mr. Chaisson was “precluded from asserting the issues of his average weekly wage and compensation rate for trial in this litigation, as those issues were raised and dismissed in the previous litigation[.]” The exception was set for hearing on the day of trial.
In her oral reasons for ruling on the exception, the workers’ compensation judge (WCJ) expressed her conclusion that res judicata did not apply because “[t]here was never a judicial determination of [Mr. Chaisson’s] wage rate.” At the conclusion of the trial on the merits, the WCJ took the matter under advisement for decision.
The WCJ’s judgment overruling the exception and dismissing Mr. Chaisson’s claim was signed on the following day, September 24, 2009. In her written reasons for judgment, the WCJ noted that the prior order of dismissal was “based on an agreement that LWCC pay [Mr. Chaisson]
*886 weekly indemnity benefits in the amount of $247.50,” and that the order constituted a “consent judgment.” The WCJ further found that there was no competent evidence showing the amount of $247.50 was incorrect, and that “the original stipulated indemnity amount of $247.50 must stand.” Mr. Chaisson appeals.
ASSIGNMENTS OF ERROR
Mr. Chaisson contends that the WCJ erred in the following respects:
1. The [WCJ] erred in failing to apply the forty hour presumption rule [of La. R.S. 2S:1021(12)(a) ] where the defendant offered no evidence to rebut the presumption;
2. The [WCJ] erred in relying on secondary information from LWCC to determine claimant’s hourly rate of pay.
3. The [WCJ] erred in holding that the prior agreement between claimant and LWCC was a binding consent agreement.
|54. The [WCJ] erred in failing to award penalties and attorney fees for LWCC’s failure to reasonably] controvert the claim.
Because we ultimately resolve this matter adversely to Mr. Chaisson on his third assignment of error, we pretermit consideration of his other assignments of error, as our decision renders their determination moot.
DISCUSSION
A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship. La. C.C. art. 3071. A compromise settles only those differences that the parties clearly intended to settle, including the necessary consequences of what they express. La. C.C. art. 3076.
While the doctrine of res judicata is ordinarily premised on a final judgment on the merits, it also applies where the opposing parties enter into a compromise or settlement of a disputed matter. See Ortego v. State, Dep’t of Transp. & Dev., 96-1322, p. 6 (La.2/25/97), 689 So.2d 1358, 1363. A compromise precludes the parties from bringing a subsequent action based upon the matter that was compromised. La. C.C. art. 3080. Thus, compromises have the legal efficacy of the thing adjudged (res judicata). Ortego, 96-1322 at p. 6, 689 So.2d at 1363.
The doctrine of res judicata, in our state is embodied in La. R.S. 13:4231, which was substantially amended in 1990.[4] This statute now | ^embraces the broad usage of res judicata to include both claim preclusion (traditional res judicata) and *887 issue preclusion (collateral estoppel). Under issue preclusion or collateral estoppel, resolution of an issue of fact or law essential to determination of the dispute precludes relitigation of the same issue in a different action between the same parties. See Mandalay Oil & Gas, L.L.C. v. Energy Dev. Corp., 01-0993, p. 9 (La.App. 1st Cir.8/4/04), 880 So.2d 129, 135-36, writ denied, 04-2426 (La.1/28/05), 893 So.2d 72, and La. R.S. 13:4231, Comments—1990, (b).
The case of Caparotti v. Shreveport Pirates Football Club, 33,570, pp. 2-4 (La.App. 2nd Cir.8/23/00), 768 So.2d 186, 189-90, writ denied, 00-2947 (La.12/15/00), 777 So.2d 1230, was not cited by either party to this appeal, but involved an issue quite similar to that before us. The claimant had a fixed base salary and was initially paid weekly temporary total disability (TTD) benefits in the statutory maximum amount following an injury. He later began to earn some income in another occupation and his TTD benefits were discontinued. He filed a disputed claim for compensation, which was ultimately compromised when the insurer agreed to pay all past due benefits, penalties, and attorney fees. An order of dismissal was rendered that reserved the claimant’s rights to seek supplemental earnings benefits (SEB). The TTD benefits were later discontinued and the claimant was paid SEB. He then filed a second disputed claim for compensation relating to the proper amount of SEB |7benefits, raising the issue of his average weekly wage, which he claimed was actually higher than that previously based on his base salary. The insurer filed an exception of res judicata, claiming that the issue of average weekly wage was previously determined. The appellate court affirmed the WCJ’s overruling of the exception, agreeing that “the dismissal and release only affected the claimant’s average weekly wage claim with respect to the expressly stated time period” through the date of the compromise. Id., 33,570 at pp. 3-4, 768 So.2d at 190.
We disagree with the holding in Capar-otti, as we find its facts distinguishable and the reasoning related to the compromise terms flawed. There, the claimant’s undisputed base salary alone clearly entitled him to the maximum weekly indemnity benefit at the time of his initial claim, thereby making the issue of any additional weekly earnings moot and nonessential to determination of the proper amount of weekly benefits at that time. The actual amount of his earnings later became relevant at the time of his second claim for supplemental earnings benefits (SEB), because SEB is predicated upon inability to earn 90% or more of average pre-injury wage. Here, however, Mr. Chaisson in fact claimed average weekly wages of $520.00 at the time of his first claim, a disputed amount that, if correct, would have entitled him to the maximum weekly benefit of $323.00 rather than the agreed-upon weekly benefit of $247.50. Thus, the actual amount of Mr. Chaisson’s average weekly wages was a bona fide disputed issue essential to resolution of his first claim. Additionally, we emphasize that Caparotti failed to specifically address the effect of issue preclusion or collateral es-toppel under La. R.S. 13:4231(3).[5]
*888 In Magee v. Abek, Inc., 05-0388 (La.App. 1st Cir.5/5/06), 943 So.2d 372 (on rehearing), the claimant was initially found not to be disabled by reason of her work-related injury, and her claims related to other bodily injuries were found to be causally unrelated to the on-the-job accident. Her medical expenses for treatment, including surgery, for the work-related injury were found to be compensable. The claimant later filed a second claim for indemnity benefits for alleged disability arising from the surgery. We held, citing Brown v. Rouse Co., 97-1243, pp. 6-7 (La.App. 4th Cir.1/14/98), 706 So.2d 547, 550-51, writ denied, 98-0419 (La.5/1/98), 805 So.2d 191, and Jackson v. Iberia Parish Gov’t, 98-1810 (La.4/16/99), 732 So.2d 517, that the initial judgment finding no disability could not bar a later claim seeking modification of indemnity benefits under La. R.S. 23:1310.8 for an alleged change in condition or disability status, resulting from the surgery for the work-related injury. Magee, 05-0388 at pp. 2-3, 943 So.2d at 374.
However, we observed in dictum in the cited case that issue preclusion might operate to bar reconsideration of certain issues, such as the causation of the other bodily injuries, raised and decided in the earlier compensation claim. Magee, 05-0388 at p. 3 n. 1, 943 So.2d at 374 n. 1. The same reasoning applies to the issue of the amount of weekly indemnity benefits. The factual circumstances of average weekly wage, like those of an injury’s causal relationship to a work-related accident, are fixed as of the time of the accident, and are not subject to change over time, unlike disability status. 19Thus, relitigation of such a factual issue, already determined, is not available under the modification jurisdiction of La. R.S. 23:1310.8(A) and (B).[6]
Here, Mr. Chaisson is raising the same factual issue as to his purported average weekly wage ($520.00) as he previously did in 1995. As was the case in Brown, the claimant “has shown no new issues and no new circumstances.” Id., 97-1243 at p. 8, 706 So.2d at 551. Rather, he seeks to relitigate a factual issue raised at the time of his first claim, the circumstances of which did not (and could not) change over time. The evidence relating to the compromise agreement convinces us that the parties clearly intended to settle the matter of the proper amount of weekly indemnity benefits to which Mr. Chaisson was entitled. See Taylor v. Orleans Parish Sch. Bd., 03-2023, p. 5 (La.App. 4th Cir.9/1/04), 883 So.2d 449, 452. Thus, the issue was litigated through the filing of the disputed claim and determined by the parties’ compromise, as required for operation *889 of issue preclusion under La. R.S. 18:4231(3). That the parties’ agreement was intended to resolve the issue of the amount of ongoing weekly benefits is implicitly supported by the long interval between filing of the first ahd second compensation claims. LWCC’s exception clearly was meritorious, and should have been sustained.
Mr. Chaisson attempts to avoid the operation of issue preclusion by characterizing the dispute over his purported actual wage rate as an error as to the principal cause of the compromise agreement or an error in calculation, which the WCJ should have found served as grounds to rescind | inthe compromise. A compromise may be rescinded for error of fact, but not error of law. La. C.C. art. 3082. The fact that a compromise has been reached does not preclude correction of an error in calculation in appropriate cases. La. C.C. art. 3080, Revision Comments — 2007, (c).
We disagree with Mr. Chaisson’s characterization of the basis of his present claim. He has shown no fundamental error of fact or error in calculation on the part of either party in reaching their agreement as to the amount of his weekly indemnity benefit; the final agreed-upon amount of his weekly indemnity benefits was simply based upon a lower figure for average weekly wages than he initially claimed.[7] Mr. Chaisson cannot now circumvent the operation of issue preclusion by attempting to rescind a voluntary compromise incorporating an agreement as to the amount of his weekly indemnity benefits. In short, he cannot relitigate that issue on the grounds that the compromise was a bad bargain on his part.
Because issue preclusion or collateral estoppel is a species of res judicata, it is appropriately raised through a peremptory exception asserting that objection or by alleging it as an affirmative defense. We accordingly conclude that the WCJ technically erred in failing to sustain the peremptory exception of res judicata, as the compromise agreement and order of voluntary dismissal precluded relitigation of the issue of the amount of weekly indemnity benefits based upon the disputed average weekly wage. As previously explained, the issue of the proper amount of weekly indemnity benefits was essential to the compromise agreement, which specifically incorporated the parties’ agreement that the weekly indemnity hi benefits of $247.50 would continue to be made after the date the order of dismissal was signed, during Mr. Chaisson’s continuing disability. The WCJ’s written reasons recognized the binding and preclusive effect of the “stipulated weekly indemnity amount of $247.50” and characterized the order of dismissal of the first claim as a “consent judgment.” However, although the WCJ correctly found that there was “an agreement that LWCC pay [Mr. Chaisson] weekly indemnity benefits in the amount of $247.50,” she erred as a matter of law in overruling the exception and in permitting evidence on that issue, which was legally no longer an issue in dispute.
Although the WCJ erred in overruling the peremptory exception of res judicata, LWCC understandably did not answer the appeal to challenge that error, as the ulti *890 mate result, dismissal of the claim, was correct. However, because we conclude that the judgment is more properly grounded upon issue preclusion, we notice the peremptory exception of res judicata on our own and sustain it, pursuant to the authority of La. C.C.P. art. 927(B).[8] We accordingly amend the judgment of the WCJ to sustain the peremptory exception of res judicata, and affirm it as so amended. All costs of this appeal are assessed to the claimant-appellant, Shannon Chaisson.
JUDGMENT AMENDED AND AFFIRMED AS AMENDED.
DOWNING, J., concurs.

. It is undisputed that the parties entered into a compromise agreement, and that the motion and order of dismissal were predicated upon that agreement, even though no written release or compromise agreement was introduced into evidence. Thus, the order of dismissal rendered upon the agreement described in the motion was the functional equivalent of a consent judgment. See Taylor v. Orleans Parish Sch. Bd., 03-2023, pp. 3-4 (La.App. 4th Cir.9/1/04), 883 So.2d 449, 451-52. At the hearing on the exception, Mr. Chaisson’s counsel conceded the existence of a compromise agreement that formed the basis of the motion and order of dismissal. His admission constitutes a judicial confession, binding upon Mr. Chaisson. See La. C.C. art. 1853 and Cichirillo v. Avondale Indus., Inc., 04-2894, p. 6 (La.11/29/05), 917 So.2d 424, 428-29.

. At the trial of this matter, however, Mr. Chaisson explained that his hourly wage rate was actually $13.00, making his average weekly wage $520.00 for a 40-hour week, as set forth in his first disputed claim form, and that he had mistakenly believed the hourly rate was $13.50 at the time he filed his second disputed claim form, thus yielding the figure of $540.00 for claimed average weekly wage.

. Louisiana Revised Statutes 13:4231 provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1)If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

. Issue preclusion serves the interests of judicial economy by preventing relitigation of the same issue between the same parties. La. R.S. 13:4231, Comments — 1990, (b). Res judicata does not bar another action when the first judgment dismissed the first action with-oul prejudice or reserved the right of the plaintiff to bring another action. See La. R.S. 13:4232(A)(2), (3). Here, however, the first order of dismissal dismissed with prejudice “any and all claims for workers’ compensation benefits, including penalties and attor *888 ney’s fees, up to the date of the signing of this [¡Judgment.” All other claims for workers’ compensation benefits were dismissed "without prejudice.” As of the time the order was signed, Mr. Chaisson had no other existing claims or causes of action, so the dismissal without prejudice has no relevance to those issues determined by the compromise agreement and dismissal with prejudice. See, e.g., Delaney v. City of Alexandria, 03-864, p. 2 (La.App. 3rd Cir. 12/10/03), 862 So.2d 1085, 1087.

. The modification power of La. R.S. 23:1310.8(A) and (B) "exists for the purpose of modifying awards due to a change in the worker’s condition.” Jackson, 98-1810 at p. 9, 732 So.2d at 524. Because changes in medical condition and disability status are dynamic and ongoing by their nature, the legislature enacted La. R.S. 23:1310.8(A) and (B) to afford needed flexibility to ensure that benefits correspond to such changes. As noted by the court in Brown, "disability is not a condition etched immutably in stone, fixed in one instant for all time.” Brown, 97-1243 at p. 6, 706 So.2d at 550. Res judicata thus cannot preclude litigation seeking a change in the amount of compensation benefits based upon a change in disability. Jackson, 98-1810 at p. 10, 732 So.2d at 524-25.

. If anything, Mr. Chaisson’s complaint regarding the compromise might more appropriately be characterized as one of lesion. Lesion is defined as an injury suffered by one who does not receive a full equivalent for what he gives in a commutative contract. Mullins v. Page, 457 So.2d 64, 71 (La.App. 2nd Cir.), writ denied, 459 So.2d 538 (La.1984); Black’s Law Dictionary 921 (8th ed.2004). A compromise cannot be rescinded on grounds of error of law or lesion. La. C.C. art. 3082.

. In doing so, we observe in dictum that even if issue preclusion did not apply, the evidence at trial supports the WCJ's decision on the merits relating to the average weekly wage amount.