HUGHES, J.
 

 | ¿This is an appeal from a judgment of the Office of Workers’ Compensation (“OWC”), denying a claim for workers’ compensation benefits. For the reasons that follow, we reverse in part and affirm in part.
 

 FACTS AND PROCEDURAL HISTORY
 

 On June 27, 2004 Charles J. Pal, Jr., while in the course and scope of his employment with Stranco, Inc. (“Stranco”), was involved in a motor vehicle accident. While Mr. Pal was not physically injured, the other motorist was killed. Because of the fatality, Mr. Pal suffered a mental or emotional injury.
 

 
 *480
 
 On August 5, 2004, after his employer failed to pay for his psychiatric treatment, Mr. Pal filed the first of several disputed claims for compensation with the OWC. On February 8, 2006 judgment was rendered in favor of Mr. Pal, decreeing that Stranco was “obligated for past, present and future medical treatment ... as prescribed by Dr. James [Denney].” Mr. Pal’s request for indemnity benefits was denied, and although penalties and attorney fees were initially awarded, the OWC reversed that portion of the award on March 3, 2006. Thereafter, on April 15, 2006, Mr. Pal’s counsel forwarded a bill to Stranco’s counsel from Dr. Denney, in the amount of $700, noted to be the “[b]alance as of 06/01/06,” for treatment on the following dates: 8/19/04, 9/21/04, 10/20/04, 11/23/04, and 12/22/04.
 

 Mr. Pal’s second disputed claim form was filed on June 14, 2007, asserting that Dr. Denney’s bill had not been paid and that further medical treatment had not been authorized; Mr. Pal’s out-of-pocket expenses, penalties, and attorney fees were also sought. This action was partially resolved, on November 20, 2007, by agreement of the parties, wherein Stranco agreed to the following:
 

 IsEmployer will pay Dr. Denney’s outstanding medical bill and reimburse claimant for any out-of-pocket medical expenses. Employer will authorize claimant’s future prescriptions and check into a convenient method for obtaining prescriptions — i.e. a prescription card, etc.
 

 In March of 2009, the parties further agreed that Mr. Pal would be allowed to select a new treating psychiatrist, and he selected Dr. John Macgregor. Mr. Pal’s second OWC action was then dismissed, without prejudice, on March 23, 2009.
 

 Dr. Macgregor evaluated Mr. Pal on March 16, 2009 and issued a report on March 17, 2009. It was Dr. Macgregor’s stated opinion that Mr. Pal had been “severely emotionally traumatized” by the June 27, 2004 accident, causing him to develop numerous psychiatric symptoms, including: phobic avoidance of driving, nightmares, hypervigilance, panic attacks, depressive moods, anger, irritability, strained interpersonal relationships, verbal temper outbursts, lowered frustration tolerance, insomnia, severe loss of interest in activities, social isolation and withdrawal, decreased libido, impaired attention span and concentration, markedly lowered self-esteem and self-confidence, anorexia, nervous tension, and serious suicidal ideation. Dr. Macgregor further reported that Mr. Pal’s condition had been exacerbated by a subsequent near-miss incident, in which a motorcyclist had cut in front of, and almost hit, Mr. Pal’s vehicle. Dr. Macgregor noted that Mr. Pal had initially been treated by Dr. Denney, but due to a disagreement with his workers’ compensation carrier, that treatment had been interrupted. He further noted that Mr. Pal had then received treatment from his family physician, who had prescribed Mr. Pal psychotropic medication, and that Mr. Pal had further been undergoing psychotherapy at his own expense. Dr. Macgregor diagnosed Mr. Pal with: (1) Major Depressive Disorder (which he noted had been | ¿compounded by grief over the death of his wife), and (2) Post-Traumatic Stress Disorder. He related both of these conditions to the June 27, 2004 accident. Dr. Macgregor recommended that Mr. Pal continue to receive psychotropic medication and intensive psychotherapy. Notwithstanding this recommendation, the record does not reflect that any further medical treatment was authorized by the defendants.
 

 On May 8, 2009 Mr. Pal filed the instant action with the OWC, in which he sought medical treatment, temporary total disabil
 
 *481
 
 ity benefits, penalties, and attorney fees. Mr. Pal further asserted that the defendants’ failure to pay past medical expenses and to authorize continued medical treatment aggravated his mental condition, resulting in him becoming totally disabled and in need of a more comprehensive treatment plan. In addition to the June 27, 2004 accident, Mr. Pal alleged that he had been involved in subsequent incidents in which other motorists had “cut sharply in front of him,” which aggravated his condition. In defense of this action, the defendants asserted peremptory exceptions of prescription and res judicata.
 
 [1]
 

 On August 81, 2009 the OWC granted the defendants’ exceptions of prescription and res judicata as to the claim for indemnity benefits. Mr. Pal’s subsequent appeal of that judgment to this court was dismissed as having been taken from an unappealable, interlocutory judgment (this court noted that issues related to further medical treatment were still outstanding and therefore the judgment appealed did not wholly resolve the merits).
 
 See Pal v. Stranco, Inc.,
 
 2009-2176 (La.App. 1 Cir. 2/17/10) (unpublished).
 

 | ¡After further litigation before the OWC, the parties reached an agreement as to some of the contested issues, and a consent judgment was signed on June 25, 2010. In the consent judgment, Straneo and its insurer agreed to pay Mr. Pal $12,000 for workers’ compensation benefits, penalties, attorney fees, and “any and all claims which [Mr. Pal] might have under the Louisiana Workers’ Compensation Act, from the date of the alleged accident, June 27, 2004, through June 11, 2010” ($6,000 was designated as penalties and $6,000 was designated as attorney fees). However, the right of Mr. Pal to “benefits from June 12, 2010, into the future” was specifically reserved to him. Further, Mr. Pal’s right to appeal the OWC’s August 31, 2009 judgment, which had granted exceptions of prescription and res judicata, in favor of the employer and its insurer, was also specifically reserved. The consent judgment dismissed all other claims made by Mr. Pal.
 

 Thereafter, on December 18, 2010, the OWC rendered judgment reiterating its prior ruling granting the defendants’ exceptions of prescription and res judicata as to the claim for indemnity benefits, dismissing the claim for indemnity benefits with prejudice, and designating the judgment as final, pursuant to LSA-C.C.P. art. 1915.
 
 [2]
 
 Mr. Pal appeals the OWC’s granting of the defendants’ exceptions of prescription and res judicata and the dismissal of his claim for indemnity benefits.
 

 |fiLAW AND ANALYSIS
 

 OWC Finding of Res Judicata
 

 In general, the doctrine of res judicata, as set forth in LSA-R.S. 13:4231,
 
 *482
 
 bars a subsequent action when all of the following elements are satisfied, vis-á-vis a prior action: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.
 
 [3]
 

 See Burguieres v. Pollingue,
 
 2002-1385, p. 8 (La.2/25/03), 843 So.2d 1049, 1053. The doctrine of res judicata also applies when the opposing parties enter into a compromise or settlement of a disputed matter.
 
 Chaisson v. Central Crane Service,
 
 2010-0112, p. 5 (La.App. 1 Cir. 7/29/10), 44 So.3d 883, 886 (citing
 
 Ortego v. State, Department of Transportation and Development,
 
 96-1322, p. 6 (La.2/25/97), 689 So.2d 1358, 1363).
 

 Louisiana Revised Statute 13:4231 was substantially amended in 1990, and it now embraces the broad usage of res judi-cata to include both claim preclusion (traditional res judicata) and issue preclusion (collateral 17estoppel). Under issue preclusion or collateral estoppel, resolution of an issue of fact or law essential to determination of the dispute precludes relitigation of the same issue in a different action between the same parties.
 
 Chaisson v. Central Crane Service,
 
 2010-0112 at pp. 5-6, 44 So.3d at 886-87 (citing LSA-R.S. 13:4231, 1990 Comment (b);
 
 Mandalay Oil & Gas, L.L.C. v. Energy Development Corporation,
 
 2001-0993, p. 9 (La.App. 1 Cir. 8/4/04), 880 So.2d 129, 135-36,
 
 writ denied,
 
 2004-2426 (La.1/28/05), 893 So.2d 72).
 

 However, as applied to workers’ compensation claims, res judicata does not bar re-litigation of claims subject to the OWC’s modification jurisdiction, as set forth in LSA-R.S. 23:1310.8(A) and (B).
 
 [4]
 

 See Magee v. Abek, Inc.,
 
 2005-0388, pp. 2-3 (La.App. 1 Cir. 5/5/06), 943 So.2d 372,
 
 *483
 
 373-74. The modification power of LSA-R.S. 23:1310.8(A) and (B) exists for the purpose of modifying awards due to a change in the worker’s condition. Because changes in medical condition and disability status are dynamic and ongoing by their nature, the legislature enacted LSA-R.S. 23:1310.8(A) and (B) to afford needed flexibility to ensure that benefits correspond to such changes. Res judicata thus cannot preclude litigation seeking a change in the amount of compensation benefits based upon a 1 ^change in disability.
 
 Chaisson v. Central Crane Service,
 
 2010-0112 at p. 9 n. 6, 44 So.3d at 888 n. 6.
 

 In this case, the defendants asserted that prior litigation between the parties (wherein Mr. Pal unsuccessfully sought indemnity benefits because of a claimed disability resulting from his original accident) precluded his subsequent claim for indemnity benefits. The OWC agreed and sustained the defendants’ exception of res ju-dicata. After reviewing the facts of this case and the cited authorities, we conclude the OWC erred in so doing, particularly in light of Mr. Pal’s allegations that events
 
 subsequent to
 
 his original action rendered him totally disabled. Such an alleged change in disability status is the type contemplated by LSA-R.S. 23:1310.8(A) and (B) to be subject to modification review by the OWC.
 
 [5]
 

 OWC Finding of Prescription
 

 Louisiana Revised Statute 23:1310.8 also provides, in Paragraph (D), that a petition to modify a judgment awarding benefits “shall be subject to the prescriptive limitations established in R.S. 23:1209.” Mr. Pal argues on appeal that LSA-R.S. 23:1209 “does not control the time for enforcing a [jjudgment or collecting damages for the contempt,” which he argues includes post-judgment penalties and attorney fees, under LSA-R.S. 23:1201(G), and disability benefits for the aggravation which caused him to become disabled. We find no merit in this argument. First, we note that, in the June 25, 2010 consent judgment, Mr. Pal settled his claim for penalties and attorney fees related to the failure of the defendants to timely pay his medical benefits. Secondly, because indemnity benefits had previously been denied by judgment of the OWC, when Mr. Pal subsequently suffered a [pchange in his disability status, he was required to obtain a modification of the prior OWC judgment on the issue, pursuant to LSA-R.S. 23:1310.8(A) and (B), in order to receive those benefits. The remedy of contempt does not apply when no prior OWC judgment, decreeing the payment of indemnity benefits, was in place, and any contempt remedy applicable to the failure to timely pay medical benefits was waived in the June 25, 2010 consent judgment.
 

 Mr. Pal further cites the case of
 
 Jones v. City of New Orleans,
 
 2009-0369 (La.App. 4 Cir. 9/2/09), 20 So.3d 518,
 
 writ denied,
 
 2009-2156 (La.12/18/09), 23 So.3d 947, as authority for his contention that LSA-C.C. art. 3499,
 
 [6]
 
 rather than LSA-R.S. 23:1209, provides the proper prescriptive period for his action, which he asserts is one to enforce a prior judgment of the OWC. However, the facts of the
 
 Jones
 
 case are distinguishable from this case. In
 
 Jones,
 
 the
 
 *484
 
 OWC had rendered a judgment in favor of the claimant, awarding indemnity benefits, which were paid by the employer for over fifteen years and then terminated. The
 
 Jones
 
 court held the ten-year prescriptive period set forth in LSA-C.C. art. 3499 applicable when a judgment had been rendered, ordering the payment of workers’ compensation benefits, and the employer had been ordered to pay benefits “until the disability ceases.”
 
 See Jones v. City of New Orleans,
 
 2009-0369 at p. 4, 20 So.3d at 521. However, in the instant case, the OWC did not render a judgment awarding Mr. Pal indemnity benefits, only medical benefits. Therefore, Mr. Pal’s action, seeking to have the OWC award indemnity benefits, is subject to the prescriptive periods set forth in LSA-R.S. 23:1209.
 

 | inLouisiana Revised Statute 23:1209 provides:
 
 [7]
 

 A.(1) In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter.
 

 (2) Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4).
 

 (3)
 
 When the injury does not result at the time of or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedinys have been beyun within two years from the date of the accident.
 

 B. Any claim may be filed with the director, office of workers’ compensation, by delivery or by mail addressed to the office of workers’ compensation. The filing of such claims shall be deemed timely when the claim is mailed on or before the prescription date of the claim. If the claim is received by mail on the first legal day following the expiration of the due date, there shall be a rebuttable presumption that the claim was timely filed. In all cases where the presumption does not apply, the timeliness of the mailing shall be shown only by an official United States postmark or by official receipt or certificate from the United States Postal Service made at the time of mailing which indicates the date thereof.
 

 C. All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years
 
 *485
 
 from the time of making the last payment of medical benefits.
 

 D. When a petition for compensation has been initiated as provided in R.S. 23:1310.8, unless the claimant shall in good faith request a hearing and final determination thereon within [^five years from the date the petition is initiated, that claim shall be barred as the basis of any claim for compensation under the Worker’s Compensation Act and shall be dismissed by the office for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder. [Emphasis added.]
 

 The burden of proof is generally on the party pleading prescription. However, when a workers’ compensation claim to recover benefits has prescribed on its face, the claimant has the burden of showing that prescription has been interrupted, suspended, or renounced, or that he had been lulled into a state of false security and induced to withhold filing suit by his employer.
 
 [8]
 

 See Bracken v. Payne and Keller Company, Inc.,
 
 2006-0865, pp. 4-6 (La.App. 1 Cir. 9/5/07), 970 So.2d 582, 587-88;
 
 Holmes v. Baton Rouge Water Works Company,
 
 558 So.2d 629, 631 (La.App. 1 Cir.1990). Evidence may be introduced to support or controvert the peremptory ex-
 

 ception raising the objection of prescription when the grounds do not appear on the face of the petition. Generally, in the absence of evidence, the objection of prescription must be decided upon the facts alleged in the petition, and all allegations thereof are accepted as true.
 
 Hudson v. East Baton Rouge Parish School Board,
 
 2002-0987, p. 4 (La.App. 1 Cir. 3/28/03), 844 So.2d 282, 286.
 
 See also
 
 LSA-C.C.P. art. 931.
 

 |12The claim of an injured employee for indemnity benefits, according to LSA-R.S. 23:1209, is not prescribed if filed within the following time periods, giving to the employee the benefit of the latest date so determined: (1) one year after the accident; or (2) one year after the last payment of compensation, except in claims for supplemental earnings benefits, when the period of three years after the last weekly payment of compensation applies (of whatever type); or (3) one year from the time the “injury develops” if the injury “does not result at the time of, or develop immediately after the accident,” but in no event more than two years after the accident. H. Alston Johnson III,
 
 Workers’ Compensation Law and Practice,
 
 14 La. Civil Law Treatise, § 384. In the instant case, no indemnity benefits have ever been paid to Mr. Pal,
 
 [9]
 
 and his current claim for indem
 
 *486
 
 nity benefits was filed on May 8, 2009, more than two years from the June 27, 2004 work-related accident. Therefore, Mr. Pal’s claim for indemnity benefits was prescribed on its face.
 

 Mr. Pal asserts that a subsequent near-miss automobile incident and the defendants’ failure to timely pay medical benefits aggravated his mental conditional; nevertheless, a developmental injury is required to be filed, in any event, no more than two years after the accident.
 
 See TIG Insurance Company v. Louisiana Workers’ Compensation Corporation,
 
 2009-0330, pp. 4-5 (La.App. 1 Cir. 9/11/09), 22 So.3d 981, 984-85;
 
 Hudson v. East Baton Rouge Parish School Board,
 
 2002-0987 at p. 4, 844 So.2d at 286. Under the express language of the statute, the failure to assert a claim for a developing injury is “forever barred” unless the claim has been filed within two years from the date of the accident. Because the record in this 113case shows that Mr. Pal failed to file his current claim for indemnity benefits until well after this two-year period, his claim is forever barred.
 
 See Pertuis v. Architectural Fabrications, Inc.,
 
 2001-2684, p. 3 (La.App. 1 Cir. 12/20/02), 836 So.2d 450, 451,
 
 unit denied,
 
 2003-0231 (La.4/4/03), 840 So.2d 1216. Therefore, we find no error in the OWC’s ruling that the action had prescribed.
 

 CONCLUSION
 

 For the reasons assigned herein, that portion of the judgment of the Office of Workers’ Compensation sustaining the defendants’ exception pleading the objection of res judicata is reversed, and that portion of the judgment sustaining the defendants’ exception pleading the objection of prescription, and dismissing the claimant’s action, is affirmed. All costs of this appeal are to be borne by the claimant/appellant, Charles J. Pal, Jr.
 

 REVERSED IN PART; AFFIRMED IN PART.
 

 GUIDRY, J. concurs.
 

 [1]
 

 . The defendants’ exception of res judicata was based on the OWC's February 8, 2006 judgment, denying indemnity benefits. Further, it was argued that the request for indemnity benefits was prescribed, even if considered a developing injury, as not having been filed within two years of the accident, as required by LSA-R.S. 23:1209.
 

 [2]
 

 . The OWC initially rendered this judgment on June 28, 2010, but failed to include language dismissing the action. Thus, by a December 3, 2010 interim order of this court, the matter was remanded to the OWC for the limited purpose of having the OWC sign a judgment including appropriate decretal language. In accordance with this court's order, the OWC issued the December 13, 2010 judgment, which included the language previously contained in the June 28, 2010 judgment (i.e., granting the defendants' exceptions of res ju-dicata and prescription as to Mr. Pal's claim for indemnity benefits and designating the judgment as "final”), and which also contained language dismissing Mr. Pal’s claim for indemnity benefits, with prejudice.
 

 [3]
 

 . Louisiana Revised Statute 13:4231 provides:
 

 Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
 

 (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
 

 (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
 

 (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
 

 [4]
 

 . Louisiana Revised Statute 23:1310.8(A) and (B) provide, in pertinent part:
 

 A. (1) The power and jurisdiction of the workers’ compensation judge over each case shall be continuing and he may, upon application by a party and after a contradictory hearing, make such modifications or changes with respect to former findings or orders relating thereto if, in his opinion, it may be justified, including the right to require physical examinations as provided for in R.S. 23:1123....
 

 B. Upon the application of any party in interest, on the ground of a change in conditions, the workers’ compensation judge may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers' Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.
 

 [5]
 

 . We do not find LSA-R.S. 23:1310.8(E) (providing that "[a] judgment denying benefits is res judicata after the claimant has exhausted his rights of appeal”) controlling in this case, because the claimant alleged additional events that he asserted aggravated his condition.
 

 [6]
 

 . Louisiana Civil Code Article 3499 provides: "Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.”
 

 [7]
 

 . Although LSA-R.S. 23:1209 was amended by 2008 La. Acts, No. 220, § 8, effective June 14, 2008, no substantive changes were made; therefore, to the extent that any part of the claimant's cause of action arose prior to June 14, 2008, Act 220 applies retroactively.
 
 See
 
 LSA-C.C. art. 6.
 

 [8]
 

 . Regarding interruption of prescription, LSA-C.C. art. 3462 provides that prescription is interrupted when a suit is filed in a court of competent jurisdiction and venue. When a lawsuit is timely filed against the obligor/em-ployer, prescription is interrupted as to claims against the obligor/employer pursuant to Article 3462. Thus, the timely tiling of a disputed claim pursuant to LSA-R.S. 23:1310 is sufficient to interrupt prescription under LSA-C.C. art. 3462.
 
 Bracken v. Payne and Keller Company, Inc.,
 
 2006-0865 at p. 6, 970 So.2d at 588 (citing
 
 Scott v. Sears, Roebuck and Co.,
 
 99-0571, p. 6 (La.App. 1 Cir. 12/22/00), 778 So.2d 50, 54). An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial. LSA-C.C. art. 3463. If prescription is interrupted, the time that has run is not counted. Prescription commences to run anew from the last day of interruption. LSA-C.C. art. 3466.
 

 [9]
 

 . We note that an employer’s payment of medical benefits to a workers' compensation claimant does not interrupt prescription on a claim for indemnity benefits.
 
 See Love v. East
 
 
 *486
 

 Jefferson General Hospital,
 
 96-1558 (La.App. 1 Cir. 5/9/97), 693 So.2d 1245, 1247-48.